CHAMBERLAIN v. DOUGLAS.

(Supreme Court, Appellate Division, Third Department. January 5, 1898.)

INJUNCTION—CARRYING ON BUSINESS—NUISANCE—MODIFICATION OF DECREE.
    An injunction restraining the owners of a planing mill from operating the
    same, on the ground that it is a nuisance, should be modified to permit the
    same to be operated in such a manner as not to constitute a nuisance, pro-
    vided defendant shows it can be so operated.

Appeal from special term; Broome county.

Bill by Willis J. Chamberlain against Andrew Douglas for an injunction. From a decree for plaintiff, defendant appeals. Affirmed.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

Babcock, Sperry & Van Cleve, for appellant.

Thomas J. Mangan (D. H. Carver, of counsel), for respondent.

HERRICK, J. After a careful reading and consideration of the evidence in this case, I am satisfied that the plaintiff is entitled to an injunction. The question is just how far that injunction should go. Injunctions restraining the carrying on of a legitimate and lawful business should go no further than is absolutely necessary to protect the rights of the parties seeking such injunction. When a person is engaged in carrying on such business, he should not be absolutely prohibited from doing so, unless it appears that the carrying on of such business will necessarily produce the injury complained of. If it can be conducted in such a way as not to constitute a nuisance, then it should be permitted to be continued in that manner. The injunction here constitutes an absolute prohibition against the defendant operating his wood-working machinery; and if it were not that the evidence offered upon the part of the defendant was to the effect that this planing mill was operated in a careful and proper manner, and it is therefore to be inferred that the injury complained of by the plaintiff necessarily flows from the operation of such mill, I should be inclined to modify this injunction. If, however, it is possible for the defendant to conduct his business in such a way as to obviate the nuisance complained of in this action, he should have an opportunity to do so; and, to afford him that opportunity, I think the defendant should have leave to apply to the special term, at any time hereafter, for a modification of this injunction, upon giving satisfactory evidence to the court that he can and will operate his planing mill in such a manner as not to injure the plaintiff, or constitute a nuisance in the respects complained of in this action. And, with such modification or addition to the judgment herein appealed from, the judgment should be affirmed, with costs. All concur.