THE WEST SIDE ELECTRIC COMPANY, Appellant, Respondent, *v.* CONSOLIDATED TELEGRAPH AND ELECTRICAL SUBWAY COMPANY, Respondent, Appellant.

*Mandatory injunction — when it will be granted.*

A mandatory injunction *pendente lite* will not be granted unless the plaintiff's right to such injunction is so clear that the denial of such right must be either captious or unconscionable.

CROSS-APPEALS by the plaintiff, The West Side Electric Company, and by the defendant, the Consolidated Telegraph and Electrical Subway Company, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 17th day of July, 1903, as amended by an order entered in said clerk's office on the 22d day of August, 1903.

The defendant's appeal is from the whole of said order, which, among other things, granted the plaintiff's motion to enjoin the defendant from preventing access to certain ducts rented or assigned to the plaintiff, and from dispossessing the plaintiff or repossessing itself of such ducts, and from in anywise interfering with the plaintiff's maintenance and operation of its cables and electrical conductors located in said subways or ducts. The plaintiff appeals from the said order in so far as the same fails to protect the general right of plaintiff to draw cables into any unoccupied duct upon the payment of the usual rentals and compliance with the usual terms, and protects the rights of plaintiff only as to ducts upon which the rentals had been theretofore paid, and only to the extent of drawing in 500 feet of cables; and in so far as said order does not restrain defendant from refusing, upon application duly made, to assign any unrented duct or ducts to said plaintiff upon terms at least as favorable as those accorded to its most favored tenant, and from withholding from plaintiff facilities equal in all respect to facilities accorded by said defendant to any of its tenants, and from delaying action upon requests made by said plaintiff.

*F. Kingsbury Curtis*, for the plaintiff.

*Henry J. Hemmens*, for the defendant.

For the reasons stated in the opinion of the judge at Special Term order affirmed, without costs.

Present — VAN BRUNT, P. J., PATTERSON, O'BRIEN, McLAUGHLIN and LAUGHLIN, JJ.

The following is the opinion of SCOTT, J., delivered at Special Term :

SCOTT, J. :

This motion presents two interesting questions, neither of which can be said to be entirely free from doubt. At least they have been the occasion of very learned and voluminous briefs. The first is whether the plaintiff is entitled to admission to the electrical subway, and the other is whether, if it has such right, its remedy is by mandamus or by action in equity. The plaintiff really seeks double relief. *First*, it asks that its present occupancy of the subways shall not be interfered with, and, *secondly*, it asks for a mandatory injunction which will give it additional space. This seems to me to be an eminently proper case to leave matters in *status quo* until the cause can be tried, or, if the moving papers contain all the facts, until the rights of the parties can be passed upon by an appellate court. It appears that the plaintiff now occupies and has occupied ducts in defendant's subway since 1896, for which it has paid and the defendant has accepted rental. It can do no one any harm if such occupancy be continued until the trial. So far, however, as concerns the application to compel the assignment of additional ducts to plaintiff a different principle applies, which is that the court will seldom grant a mandatory injunction *pendente lite* unless the plaintiff's right is so clear that the denial of the right must be either captious or unconscionable. Such is not the case here. The temporary injunction as modified by the order of June 16, 1903, will, therefore, be continued, subject only to the further modification that the defendant shall be enjoined from preventing the plaintiff from connecting up additional customers with the present system as already located in the subway.

To the extent indicated the motion will be granted, without costs.