## MALONEY v. KATZENSTEIN.

(Supreme Court, Appellate Division, First Department. December 30, 1909.)

INJUNCTION (§ 137*)—INJUNCTION PENDENTE LITE—GROUNDS FOR DENYING.

    In an action to enjoin as a nuisance a business carried on on premises adjoining plaintiffs, an injunction pendente lite, absolutely prohibiting the entire business, should not be granted, where it is not shown that the business cannot be conducted in an unobjectionable manner, where the right to any injunction is in dispute, where the damages claimed are not large, and it is not charged that defendant is not financially able to respond to any judgment, and where it might be a great hardship to defendant to force a suspension of a business of many years' standing pending the suit.

    [Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 307, 309; Dec. Dig. § 137.*]

Appeal from Special Term, New York County.

---

Action by Thomas Maloney against Simon Katzenstein. Appeal by defendant from an order granting an injunction pendente lite. Reversed.

Argued before INGRAHAM, McLAUGHLIN, HOUGHTON, CLARKE, and SCOTT, JJ.

Abraham B. Schleimer, for appellant.

Bruce R. Duncan, for respondent.

McLAUGHLIN, J. Plaintiff is the owner of a four-story tenement house in the city of New York. The defendant for some years has been in possession of adjoining premises. The complaint alleges that for some two years past defendant has been in the habit of bringing upon his premises scrap meats, meat bones, fat, and refuse, which he sorted and left uncovered in barrels and otherwise, from which noxious odors were emitted, attracting flies, which carried with them disease and contagion, and by reason of which facts the value of plaintiff's premises had been greatly damaged. The judgment asked is an injunction restraining the continuance of the alleged nuisance, together with damages. Upon the complaint and affidavits in support of its allegations, the plaintiff obtained the order appealed from, which enjoins the defendant, during the pendency of the action, from bringing upon his premises and "from keeping, mixing, and sorting out, and allowing to be and remain thereupon, scrap meats, meat bones, fats, and refuse, and from causing and permitting the odor therefrom to penetrate into and about the building and premises of the plaintiff."

It appeared from the papers used in opposition to the motion that the defendant had carried on the same business upon the premises occupied by him for some 19 years, without objection or complaint from any source. The business carried on by the defendant is not, in and of itself, unlawful, and it does not satisfactorily appear, when all of the papers used upon the motion are considered, that such business cannot be carried on without resulting in a nuisance. Yet the order appealed from absolutely prohibits the defendant from carrying on the business at all during the pendency of the action. This ought not to be done until after a trial of the issues be had, when the merits of the controversy can be investigated and determined. Chamberlain v. Douglas, 24 App. Div. 582, 48 N. Y. Supp. 710; Saal v. South Brooklyn Ry. Co., 122 App. Div. 364, 106 N. Y. Supp. 996.

Not only this, but plaintiff's right to an injunction in any event is seriously disputed, and that is the issue which is involved in the action and necessarily must be determined after a trial. Injunctions pendente lite, "which, in effect, determine the litigation and give the same relief which it is expected to obtain by the judgment, should be granted with great caution, and only when necessity requires." Bronk v. Riley, 50 Hun, 489, 3 N. Y. Supp. 446; West Side El. Co. v. Consolidated Subway Co., 87 App. Div. 550, 84 N. Y. Supp. 1052. Here no such necessity was shown. Plaintiff claims only $500 damages for the maintenance of the alleged nuisance during the past two years or more that he has been in possession of the adjoining premises, and

there is no claim that the defendant is not and will not be responsible for any damages that may be recovered in the action. Under such circumstances, it cannot be said that the plaintiff will be irreparably damaged if the defendant is permitted to continue his business until the action can be tried and the rights of the parties determined in the regular way. On the other hand, it might be a grave hardship, attended with great loss to the defendant, to be obliged to give up during the pendency of the action a business which he has carried on for something like 19 years.

The order appealed from therefore must be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.