(82 Misc. Rep. 496.)

WESTERN NEW YORK WATER CO. v. LAUGHLIN, Mayor, et al.

(Supreme Court, Special Term, Niagara County.   November 1, 1913.)

1. INJUNCTION (§ 137*)—PRELIMINARY INJUNCTION—GROUNDS FOR DENIAL—
   RIGHTS IN DOUBT.
   Where the affidavits are conflicting as to whether there are sufficient
   funds on hand to pay for the extension of water mains and other in-
   debtedness contracted in connection with a municipal water plant, an in-
   junction pendente lite, which would practically determine the action, will
   not be granted to restrain the letting of contracts or the incurring of
   the indebtedness; especially since under General Municipal Law (Consol.
   Laws 1909, c. 24) § 51, the officers are personally liable if they spend
   money in excess of the funds on hand, and the funds may be reached in
   the hands of any contractors who have been parties to the illegal trans-
   action.
   [Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 307–309; Dec.
   Dig. § 137.*]

2. INJUNCTION (§ 134*)—PRELIMINARY INJUNCTION—GROUNDS FOR DENIAL—
   RIGHTS IN DOUBT.
   Injunctions pendente lite, which in effect determine the litigation and
   give the same relief it is expected to obtain by the judgment, should be
   granted with great caution and only when necessity requires.
   [Ed. Note.—For other cases, see Injunction, Cent. Dig. § 303; Dec. Dig.
   § 134.*]

Action by the Western New York Water Company against William
Laughlin, individually and as Mayor, and others.   Motion for tempo-
rary injunction denied.

Kenefick, Cooke, Mitchell & Bass, of Buffalo (Edward H. Letch-
worth, of Buffalo, of counsel), for the motion.
Firnum G. Anderson, of Niagara Falls (Augustus Thibaudeau and
Morris Cohn, Jr., both of Niagara Falls, of counsel), opposed.

WOODWARD, J.   The plaintiff a domestic corporation engaged
in supplying water to the inhabitants of the city of Niagara Falls,
brings this action to restrain the mayor, common council, and board of
water commissioners from letting certain contracts, or incurring in-
debtedness, in connection with the municipal water plant under the
circumstances alleged to exist in the city of Niagara Falls.   The action
is brought under the provisions of section 51 of the General Municipal
Law and of section 1925 of the Code of Civil Procedure, and the scope
of the action may be fairly gathered from the prayer for relief, which
is as follows:

"Wherefore plaintiff demands judgment herein perpetually enjoining the
defendants  *  *  *  from paying out any money from said water fund upon
contracts or for work purported to be authorized or executed when no funds
appropriated to said fund by the board of estimate and apportionment are
available for paying for the same and no other funds are lawfully available
for paying for the same and no other funds were lawfully available as here-
inbefore alleged, and perpetually restraining and enjoining said defendants
*  *  *  from entering into any further contracts, express or implied, and
from incurring any further indebtedness while there is a deficit in said water
fund, and adjudging and decreeing that the defendants herein who have pur-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ported to authorize and incur said indebtedness in violation of law are personally responsible therefor to said city of Niagara Falls, and enforcing the restitution and recovery of all sums heretofore paid out by the defendants or under their authorization from the water fund of the city of Niagara Falls in violation of the provisions of law, providing for the collection and repayment thereof by these defendants, and by their bondsmen, if any, so as to indemnify and save harmless said city of Niagara Falls, and for a temporary injunction restraining and enjoining said defendants  *  *  *  during the pendency of this action from any and all acts against which a permanent injunction is sought herein as aforesaid, and for such other, further, and different relief as to the court may seem just and proper in the premises."

[1] The principal contention of the complaint is that the defendants, as members of the board of water commissioners and other public officers of the city of Niagara Falls, have been making contracts for extensions of mains, etc., at a time when there were no funds lawfully available for these purposes, and the affidavits presented on behalf of the plaintiff seem to support this contention, while those submitted on behalf of the defendants are at least equally clear that funds were and are available for the purposes which have been undertaken, and which are contemplated. There is a clear conflict in the evidence, or rather in the affidavits, and those offered in behalf of the defendants are from sources which are clearly in a much better position to know the facts than the plaintiff's affiants, and we are of the opinion that the latter has not so far overcome the presumptions in favor of official integrity as to justify this court in granting an injunction to remain in force during the pendency of this action. The temporary injunction asked for grants the very relief demanded in the complaint, and no suggestion is made that any material rights of the plaintiff, or of the taxpayers generally, will be irrevocably lost during the time that will be required for the trial of this action. The law has imposed certain duties upon the board of water commissioners of the city of Niagara Falls, and the law presumes that in performing these duties the public officials will act honestly and within the authority given by the statute, and, unless it is made to appear clearly that these officials have acted illegally, this court is not justified in interfering with the performance of the objects for which the board was created, and this is peculiarly true where the statute expressly provides, not only for holding the public officials personally responsible for any losses growing out of illegal conduct, but for reaching the funds in the hands of those who may have been parties to such illegal transactions as contractors or otherwise. Section 51, General Municipal Law.

There is no suggestion in the moving papers that the defendants are not personally responsible, nor that there is any reason to suppose funds improperly paid out could not be recovered from the contractors involved under the provisions of the statute, and, with such a condition existing, it does not seem to be necessary to determine upon affidavits the crucial question of fact involved in the litigation, and to grant in advance the relief which may or may not be warranted by the proofs upon the trial of the cause. The plaintiff's right to an injunction, in any event, is seriously disputed, and that is the issue which is involved in the action, and necessarily must be determined after a trial.

[2] Injunctions pendente lite, which in effect determine the litigation, and give the same relief which it is expected to obtain by the judgment, should be granted with great caution, and only when necessity requires. Maloney v. Katzenstein, 135 App. Div. 224, 226, 120 N. Y. Supp. 418, and authorities there cited. No such necessity is here disclosed, and the motion should be denied.

Motion denied, with costs.