JOSEPH B. BYRNES, Respondent, *v.* KAUFWEIN REALTY CO., INC., Appellant.

First Department, July 6, 1923.

Injunctions — action to restrain defendant from continuing erection of wall adjoining plaintiff's wall without conforming to Building Code of City of New York in reference to chimneys in plaintiff's wall — temporary injunction denied where wall and chimneys have been completed and plaintiff will suffer no damage during pendency of action.

In an action to restrain the defendant, who is erecting a wall adjoining a wall of plaintiff's building, from continuing the construction of its wall without carrying up the chimneys in the plaintiff's wall in conformity with the provisions of the Building Code of the City of New York and to compel the defendant to remove so much of the wall as has already been constructed, a temporary injunction should not be granted, since it appears that defendant's wall has been carried up to its full height and plaintiff's chimneys have been extended with it; that there is no complaint that the chimneys in plaintiff's wall are not functioning properly; that the violation of the Building Code filed by the superintendent of buildings has been removed; that the construction of the chimneys in plaintiff's wall has been approved by the building department and that no damage can result to the plaintiff during the pendency of the action by denial of a temporary injunction.

The enforcement of the strict letter of the injunction granted by the court below would at once terminate the action, and in such cases the courts have consistently withheld temporary injunctions.

APPEAL by the defendant, Kaufwein Realty Co., Inc., from so much of an order of the Supreme Court, made at the New

York Special Term and entered in the office of the clerk of the county of New York, on the 16th day of November, 1922, upon the reargument of plaintiff's motion for a temporary injunction, as adheres to the original decision granting the motion.

*Max Monfried* [*Joseph Force Crater* with him on the brief], for the appellant.

*William F. Clare* [*Frederick A. Gill* with him on the brief], for the respondent.

McAVOY, J.:

The original order here, made at Special Term, among other things directed that the defendant Kaufwein Realty Co., Inc., a corporation, its agents, attorneys, servants, officers and employees, be enjoined and restrained until the trial of this action from continuing the construction of the northerly wall of the building on the premises 470–472 Seventh avenue, now being erected on the premises adjoining on the south the premises of the plaintiff, known as 474 Seventh avenue, without at the same time carrying up the chimneys in the southerly wall of the building on the said premises of the plaintiff from the point or place of the beginning by the defendant of the extension of the plaintiff's chimneys, in the manner provided by the Building Code of the City of New York; and further it provided that, in so far as the defendant may have carried up the plaintiff's chimneys not in the manner provided by the said Building Code, the defendant forthwith remove the parts so carried up, and forthwith carry up the plaintiff's said chimneys in the manner provided by said Building Code above the said northerly wall as completed, to the height prescribed by said Building Code.

The original order was made upon motion at Special Term, and upon the summons, complaint, order to show cause, with the accompanying affidavits of Michael Bruckner and of William F. Clare, both annexed to the order to show cause, and the usual bond on behalf of the plaintiff, and upon the affidavits of Henry Friedman and Barnet Friedman submitted in opposition on behalf of the defendant.

On the motion for reargument, upon which the subsequent order was made, the defendant read the affidavit of Henry Friedman, the affidavit of Charles B. Meyers, the affidavit of Max Monfried, the original order, the papers upon which the original order was based, and the answer of the defendant.

The reason given for reargument was the removal of the violation filed against the premises by the superintendent of buildings, which had been placed because of the alleged faulty construction.

The said removal was made without any change in the construction of the chimneys.

Under section 390 *et seq.* of chapter 5 of the Code of Ordinances of the City of New York, known as the Building Code of the City of New York, in which is set forth the definition of " chimney " and " flue," and of heating devices and especially low grade heat producing devices, the method of construction of chimneys, the method of construction of flues for low grade devices, and prohibition of the use of flues not constructed in conformity to the requirements of the Code, the duty is imposed upon the owner of a building, who is about to erect, or erects, a new building, to care for the chimneys and flues of the adjoining building. There is a penalty imposed by section 654 of chapter 5 of said Code of Ordinances for violation of the provisions of this chapter, known as the Building Code as to the construction of chimneys and flues, and by section 655 such violation is made a misdemeanor.

The building in the course of erection by defendant is being so constructed that the northerly wall thereof is upon and along the property line and within three feet thereof and immediately adjoining the southerly wall of the plaintiff's building in which are the chimneys and flues hereinabove mentioned. The said chimneys and flues are within ten feet of the said northerly wall of the said building in the course of erection, and the building and the wall thereof so being erected by the defendant extends above the top of the chimneys and smoke flues of the plaintiff's building.

Defendant's wall has been carried up to its full height, and plaintiff's chimneys have been extended with it. There is no complaint that the chimneys, as constructed, are not functioning properly. Plaintiff's grievances, as shown by the complaint, are not such as demand immediate relief. For instance, he alleges that the chimneys, as presently constructed, will not last as long as if constructed with flue linings. There can be no claim but that they will last far beyond the time it will take to have this action tried and the rights of the parties fully determined. The contention that the chimneys constitute a violation of the Building Code, and that plaintiff will be obliged to reconstruct them, is without merit. The superintendent of buildings has, after investigation, removed the violation filed against them. If there is any obligation to construct the chimneys with flue linings, such duty rests upon defendant, not plaintiff. Nor is there any merit in the claim that plaintiff is in danger of the collapse of the chimneys as presently constructed. They have been approved by the building department. Defendant's affidavits show them to be properly constructed of good brick and mortar, securely bonded

to its building, and that they will stand as long as defendant's wall stands. There is no statement in plaintiff's moving papers that there is any danger of an imminent collapse of the chimneys, and consequently no denial of defendant's claim that they are safe for the present.

The situation of the parties at the time the injunction was issued must be taken into consideration. The wall and chimneys had then been fully completed. To strictly comply with the letter of the order and the ordinances would require that defendant tear down the chimneys and reconstruct them with flue lining, in spite of the fact that it is asserted by defendant and not denied by plaintiff that plaintiff's walls will not stand the added weight of such lining. Plaintiff will suffer no damage if the temporary injunction is denied. Defendant will be put to a great expense, and the enforcement of the temporary injunction will give plaintiff all the benefit that he will be entitled to after a full and complete trial, and will fully determine the action in advance of such trial. Defendant will be without relief if the case should thereafter be brought to trial, and determined in its favor.

" An injunction that bears heavily on the defendant without benefiting the plaintiff will always be withheld as oppressive." (*McClure* v. *Leaycraft*, 183 N. Y. 36, 44.)

And this court stated in *Maloney* v. *Katzenstein* (135 App. Div. 224): " Injunctions *pendente lite* ' which, in effect, determine the litigation and give the same relief which it is expected to obtain by the judgment, should be granted with great caution, and only when necessity requires.' (*Bronk* v. *Riley*, 50 Hun, 489; *West Side El. Co.* v. *Consolidated Subway Co.*, 87 App. Div. 550.) "

It is patent that the enforcement of the strict letter of this injunction would at once terminate the action. In such cases the courts have consistently withheld injunctions *pendente lite*. There is no situation to be maintained in *statu quo*, and no act threatened which would leave plaintiff without remedy.

The order should be reversed, with ten dollars costs and disbursements, and the motion for an injunction denied, with ten dollars costs.

CLARKE, P. J., DOWLING, FINCH and MARTIN, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.