GIRARD HOLDING CORP., Plaintiff, v. ARGATE HOLLANDER et al., Defendants.

Supreme Court, Special Term, Queens County, August 4, 1949.

*Irwin Pakula* for plaintiff.

*Wilkes & Adler* for defendants.

COLDEN, J. The plaintiff is the landlord of an apartment house in which the defendants, husband and wife, occupy a five-room apartment. Early in May, 1949, the defendants, without the consent, and indeed over the objection of the landlord, caused to be installed an air-conditioning unit on one of the window sills of their apartment. Both orally and in writing the landlord thereafter demanded the removal of said air-conditioning unit, on the ground not only that it was a violation of the terms of their lease but also upon the ground that the maintenance thereof caused a dangerous condition. The apparatus concededly weighs 250 pounds and extends beyond the outer walls of the building.

The defendants are statutory tenants. However, in such tenancies all of the provisions of the original lease not inconsistent with the statutory restraint, except for the rent reserved and the term, are projected into and are part of the relationship. (See Rent Control by Friedlander and Curreri, § 21.0, p. 86, and the authorities cited under n. 78.)

The lease between the parties in question contains a provision that the tenant, his family, agents and employees, visitors and licensees " shall observe faithfully and comply strictly with the rules and regulations set forth on the back of this lease." Paragraph three of these rules and regulations provides: " No awnings or other projections shall be attached to the outside walls of the building ". Paragraph fourteenth thereof provides in part: " nor shall anything be hung from the windows or balconies, or placed upon the window sills."

Nothing can be clearer that under the foregoing terms the defendants had no authority, in the absence of the written consent by the landlord, to install an air conditioner on their window sill; much less one which projects beyond the outside walls. However, a temporary mandatory injunction, such as is sought herein, is an extraordinary remedy, justified only where the situation is unusual and where the granting of such relief is essential to the maintenance of the *status quo* pending the trial of the action (*Kakalios* v. *Mesevich,* 259 App. Div. 112).

Although the defendants have ignored the plaintiff's demands for the removal of the air conditioner since early in May, 1949, the plaintiff took no action to enforce its rights until July 14, 1949, when the order to show cause initiating the instant motion for a temporary injunction was signed. This delay of more than two months does not indicate that the drastic relief of a temporary injunction is necessary (*Maloney* v. *Katzenstein*, 135 App. Div. 224; *Giordano* v. *Dellwood Dairy Co.*, 153 Misc. 54).

The plaintiff has submitted an affidavit by a licensed electrician in support of its claim that the continuance of the use of the unit is dangerous. However, it is refuted by an affidavit on behalf of the defendants by a fire insurance safety engineer of more than thirty years' experience.

In view of the plaintiff's delay in enforcing its rights and its failure to convince the court that the continuance of the use of the unit is dangerous, the court is constrained to deny this motion, which would, in effect, grant to the plaintiff all of the relief to which it may be entitled upon the trial. There should be an early trial of this case, however, and accordingly, it will be preferred for trial on September 19, 1949, subject to the approval of the justice presiding. To that end the plaintiff is directed to serve and file a note of issue immediately upon the joinder of issue, and the clerk will be directed to place the case upon the calendar upon the payment of the necessary fees.

Submit order.