Matthew M. Levy, J.
This is an application for a temporary injunction in a Feld-Crawford action (General Business Law, § 369-a et seq.). Neither the moving nor the answering *952 papers are as complete or as adequate as they could and should be. But, in the peculiar circumstances of this case, I shall not weigh the respective merits of the controversy on the basis of what is presented in the four corners of the respective papers submitted. The chronology of the controversy and of its submission to the court for resolution alone is, in my mind, the decisive consideration.
It is established law that, in order for the court to be enabled to grant an injunction pendente lite, the plaintiff must show that likely irreparable damage will result to the plaintiff until the cause is reached for trial (Jack & Jill Togs v. Bernside Mills, 2 A D 2d 887; Barricini, Inc. v. Barricini Shoes, 1 A D 2d 905). There is no such proof before me and the conduct of the plaintiff itself in the dilatory manner in which it proceeded here is a plain recognition of that fact — whatever its conclusory allegations may be in the papers submitted in support of its application (see Girard Holding Corp. v. Hollander, 195 Misc. 878, 880).
It appears that the order to show cause herein, applied for by the plaintiff, was issued by the court on October 31, 1961 and was first returnable on November 8, 1961. The motion was then adjourned upon the initiative of the parties (and with the consent of the plaintiff) for a total of 14 times, until, on March 7,1962, when an application on consent of the parties was made for a further adjournment. Good cause not being shown therefor, I denied the request and directed that, if the parties failed to present the matter for disposition, the motion be marked off the calendar. That decision was made pursuant to paragraph 10 of my notice to the Bar (published in the N. T. L. J., Feb. 26, 1962 to March 23, 1962), reading as follows: “ (10) Any motion on the calendar for the sixth time and not marked ready for disposition will be marked off, except for good cause shown.”
Keeping in mind the unexplained delay in the prosecution of its application by the plaintiff, it is obvious to me that the claim made by it in the moving papers — that unless an injunction pending the trial were granted it would be irretrievably prejudiced — is quite unconvincing (Vilardi v. Sinclair Refining Co., 147 N. Y. S. 2d 269). The cause could have been reached for final trial by now had the plaintiff proceeded with diligence.
Moreover, while the motion is stated to be on the “ summons and complaint herein ’ ’, neither is submitted, and no proof of service thereof has been presented. The absence of the complaint cannot be overlooked (Civ. Prac. Act, § 877; Woodburn v. Hyatt, 34 App. Div. 246). In Kay v. Pearliris Realty Corp. *953 (106 N. Y. S. 2d 443) it was held that allegations in the supporting affidavits are not a substitute for the requisite complaint (p. 446).
The plaintiff’s motion for an injunction pendente lite is denied.