PETER G. TEN EYCK, as Commissioner of Agriculture and Markets of the State of New York, Plaintiff, *v.* HEGEMAN FARMS CORPORATION and Others, Defendants.

Supreme Court, Albany County, August 27, 1936.

*Henry S. Manley* [*Robert G. Blabey* of counsel], for the plaintiff.

*Haskell, Kelly & Maher*, for Hegeman Farms Corporation, Hamilton Milk & Cream Company, Inc., and Central New York Co-operative Association, Inc.

*Rubinton & Coleman*, for Hegeman Farm Products, Inc., and Hegton Milk Corporation.

RUSSELL, J.   The defendants apply for an order enjoining, during the pendency of the action, the plaintiff and officials and agents of the Division of Milk Control from in any manner interfering with the receipts and sales of milk by the defendants Central New York Co-operative Association, Inc., Hegeman Farms Corporation and Hamilton Milk and Cream Company.

This application is made by the defendants in an action which is brought against said defendants by the Commissioner of Agriculture and Markets for an injunction restraining the defendants from doing business in any manner in violation of articles 21 and 21-A of the Agriculture and Markets Law (added by Laws of 1934, chap. 126).   No trial has been had in this action which has been pending for about a year.   The complaint alleges numerous alleged violations by the defendants of these articles of the law as a basis for injunctive relief.

The answers of the defendants allege certain separate and affirmative defenses and alleged counterclaims.   These defenses and alleged counterclaims relate generally to alleged unconstitutionality of the law upon which the defendants demand a dismissal of the complaint and affirmative judgment for injunction restraining the plaintiffs from enforcing or attempting to enforce the parts of the said law, chapter 126, Laws of 1934, relating to the fixation of the prices at which milk and milk products produced in the State of New York may be purchased and sold and the orders made pursuant to said portions of the law, and relating particularly to a portion of said law contained in section 258-c of article 21.

The affidavits submitted in behalf of the defendants upon this application, while dealing generally with the controversy between the Department and the defendants, allege extrinsic facts, which have special reference to alleged letters and advice sent and given by the milk authorities to the patrons and customers of the defend-

ants to the effect that the defendants are not licensed and that Department approval of their transactions will not be given.

The real gist of this application relates to these alleged acts on the part of the milk control authorities and it is such acts which are in particular sought to be enjoined upon this application.

Under section 824 of the Civil Practice Act a defendant may be entitled to affirmative injunctive relief on a cause of action stated in a counterclaim. In such case the defendant is deemed the plaintiff and the plaintiff is deemed the defendant, and " the counterclaim [so set forth in the answer] is deemed the complaint." (*Fulton County Gas & Electric Co.* v. *Hudson River Telephone Co.*, 200 N. Y. 287, at p. 291.)

An injunction may be granted to a plaintiff restraining the commission or continuance of an act where it appears from the complaint that plaintiff is entitled to judgment. (Civ. Prac. Act, § 877.)

Under section 878 of the Civil Practice Act an injunction order may also be granted when the right thereto depends upon extrinsic facts and where it appears that the defendant, during the pendency of the action, is doing or procuring or suffering to be done, or threatens, or is about to do, or to procure or suffer to be done, an act in violation of the plaintiff's right respecting the subject of the action and tending to render the judgment ineffectual.

In the case of a plaintiff seeking an injunction the basic facts entitling such relief must be alleged in the complaint. In the case of a defendant seeking an affirmative judgment for injunction upon a counterclaim the basic facts entitling the defendant to such relief must be alleged in the counterclaim.

The specific acts, against the continuance of which an injunction is here sought, are not alleged in the answer. Its allegations are silent as to any interference with the sale and receipts of milk by the defendants on the part of the milk control authorities. The allegations of the answer are limited to reference to the law and orders thereunder and are not to the acts of officials beyond the scope of such law and orders.

The court is without power to grant injunctive relief unless the jurisdictional requirements are clearly established.

In order for defendants to be entitled to injunction under the allegations in the alleged counterclaims the court upon this application must hold that the defendants are entitled to judgment on their counterclaims. Such a holding involves a determination that the statutes referred to therein are unconstitutional as the essence of the counterclaim is confined to allegations of unconstitutionality. While the extrajudicial activities of the officials of the Department would seem to be a departure from orderly administrative procedure,

particularly so when an action is pending to test and determine the rights of the respective parties, such activities cannot be restrained in this proceeding except upon a determination of unconstitutionality of the laws and orders thereunder involved herein.

A presumption of constitutionality exists in favor of the statute. Portions of the statute have been decided to be constitutional. Other portions have been determined to be unconstitutional but the portions here involved do not come within the decisions of unconstitutionality. As a matter of law and not discretion the application of the defendants should be denied, with ten dollars costs.

Submit order.