Timothy J. Sullivan,
Acting Justice. This is an application for a permanent injunction enjoining the defendant, Consolidated Edison Company of New York, Inc., from reducing or cutting off electric power to its customers or residents in Westchester County during the forthcoming summer months.
The proceeding has been brought on by way of an order to show cause, signed by the Hon. John W. Sweeney, together with an affidavit of Stephen Schoeman, Esq., purporting to act on behalf of himself and all other Westchester County customers of Con Edison and residents of the county similarly situated. By order to show cause, signed by the Hon. De Forest C. Pitt, the Public Service Commission of the State of New York has asked for leave to intervene as a party defendant. That application is granted.
No action has been started herein, and although movant avers that a summons and complaint have been prepared and are about to be served, copies óf neither the summons nor complaint have been furnished to the court on this application.
In brief, plaintiff contends among other things, that he has standing to bring this application on behalf of himself and others; that he is entitled to injunctive relief because the defendant is threatening to violate his rights and that there is no adequate remedy at law; and that this court has jurisdiction over the subject matter herein.
The Legislature of the State of New York has conferred upon the Public Service Commission broad powers to regulate and supervise all gas and electric corporations. (Public Service *786 Law, '§ 66, subd. 1.) The Public Service Commission is currently conducting hearings pursuant to its authority, to determine, among other things how to deal with the potential power crisis facing the New York City Metropolitan area this summer. Con Ed has proposed a schedule of emergency measures to deal with any power shortage. Its proposal has not yet been approved by the Public Service Commission but is under consideration by the commission at the present time.
Con Ed’s proposed emergency plan consists of 25 steps, Number 23 of which is referred to as “ load shedding ’ ’ or disconnection of a specified geographical area. Before resorting to “ load shedding ”, 22 other emergency measures, including three separate steps of general, system-wide voltage reduction would be put into effect in an effort to avoid totally shutting off a given area. If step 23 then became necessary, the load shedding would be limited to any one area for a period of one to two hours at a time, then service would be restored in that area and disconnected in a different area to minimize the problems and inconvenience such action necessarily entails. Accordingly, Westchester County is not the only area subject to load shedding if Con Ed’s proposal is approved by the Public Service Commission. The movant herein, apparently has not appeared at the Public Service Commission hearings and has not presented his grievance to that body.
Subdivision 1 of section 65 of the Public Service Law directs that every electric corporation shall provide such service “ as shall be safe and adequate and in all respects just and reasonable.” (Italics added.)
Subdivision 3 of section 65 prohibits an electric corporation from making or granting “ any undue or unreasonable preference or advantage to any person, corporation or locality * * * or subject any particular person, corporation or locality * * * to any undue or unreasonable prejudice or disadvantage in any respect whatsoever.” (Italics added.)
Plaintiff relies upon these provisions as authority to prohibit ‘1 load shedding ’ ’ as discriminatory. He does not address himself to the reasonableness standard set forth therein.
This court is of the opinion that the application for injunctive relief must be denied. The Legislature has vested the Public Service Commission with jurisdiction over the defendant, and the commission, in fulfillment of its duties under the Public Service Law is currently investigating defendant’s proposals for dealing with power shortages this summer. The Public Service Commission has not yet approved defendant’s propo *787 sals, hence this application is premature in any event. If the Public Service Commission does approve the 25-step emergency plan, including the load shedding, then plaintiff’s remedy is to bring an article 78 proceeding to review the Public Service Commission’s determination in light of the “ reasonableness ” standards referred to in subdivision 1 of section 65 and subdivision 3 of section 65 of the Public Service Law. In addition to this court’s lack of jurisdiction, injunctive relief could not be given plaintiff herein since no action has been commenced. CPLR 6301 provides that a preliminary injunction may be granted ‘1 in any action ” under certain circumstances. Courts have no inherent power to grant injunctive relief. The power to enjoin is limited to that given by the Legislature. Maspeth Branch Realty v. Waldbaum, Inc. (19 A D 2d 833) and the valid commencement or pendency of an action is an indispensable prerequisite to the granting of a temporary injunction. (CPLR 6311 ; Evans v. Evans, 273 App. Div. 895, Matter of Julius Rest. v. Lombardi, 257 App. Div. 370 ; McCampbell v. Di Nuzzo, 50 Misc 2d 437 ; Mead Johnson & Co. v. Carlton Drug, 40 Misc 2d 951 ; Ten Eyck v. Hegeman Farms Corp., 160 Misc. 460.)
Accordingly the plaintiff’s application for injunctive relief is denied.