347 A.2d 712

COMMONWEALTH of Pennsylvania ex rel. Amos DAVIS

v.

John VAN EMBERG and Bethel Gift and
Novelty Shop, Appellants.

Supreme Court of Pennsylvania.

Argued Sept. 26, 1975.

Decided Nov. 26, 1975.

James H. English, William E. Seekford, Towson, for appellants.

Amos Davis, Hollidaysburg, for appellee.

Before EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

ROBERTS, Justice.

This is an appeal from a decree in equity by the Court of Common Pleas of Blair County enjoining the operation of the Bethel Gift and Novelty Shop and prohibiting "any business activity at the premises." Appellant John Van Emberg, the proprietor of the store, argues that the injunction was improperly issued and continued. We agree and vacate the decree.[1]

The Bethel Gift and Novelty Shop began its retail business in April 1975 on Sixth Avenue in Altoona. The shop, a renovated service station, is characterized by appellee as an "adult book store." The Commonwealth instituted criminal proceedings against appellant and one of his employees apparently based on complaints received from citizens offended by the merchandise sold.[2] The

---

1. This Court has jurisdiction over this appeal pursuant to the Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, art. II, § 202(4), 17 P.S. § 211.202(4) (Supp.1975).

2. Appellant Van Emberg and an employee were charged with violations of the Act of December 6, 1972, P.L. 1068, § 1(a), 18 Pa. C.S.A. § 5903(a) (1973).

shop remained open for business after the criminal proceedings were begun.

On May 6, 1975, the district attorney sought and was granted an ex parte injunction,[3] "forthwith restraining and prohibiting the defendants, John Van Emberg and Bethel Gift and Novelty Shop, from conducting, maintaining, or operating any business activity at the premises known and numbered at 5801 Sixth Avenue, Altoona, Pennsylvania . . . ." No notice or rule to show cause was served on defendants. The testimony of the district attorney at a later hearing after the injunction was granted indicates that he personally delivered a complaint and affidavits to the chancellor who forthwith granted the preliminary injunction, ex parte, in chambers. No record of that proceeding was made.

A hearing, originally scheduled for May 10, 1975, was held on May 22 and May 28, 1975. At the conclusion of the hearing, the court entered an order directing "that the Preliminary Injunction heretofore issued shall continue in full force and effect. . . ." The defendants were enjoined from distributing in any manner "the books, papers, magazines and all other materials and exhibits referred to in the testimony taken in this matter." The record indicates that neither defendants nor their counsel were present during the inspection of the alleged obscene materials by the court.

Pa.R.Civ.P. 1531 provides in relevant part:

"(a) A court shall issue a preliminary or special injunction only after written notice and hearing unless it appears to the satisfaction of the court that immediate and irreparable injury will be sustained before notice can be given or a hearing held, in which case the court may issue a preliminary or special injunction without a hearing or without notice. In determining whether

---

3. The injunction was sought pursuant to the Act of December 6, 1972, P.L. 1068, § 1(h), 18 Pa.C.S.A. § 5903(h) (1973).

a preliminary or special injunction should be granted and whether notice or a hearing should be required, the court may act on the basis of the averments of the pleadings or petition and may consider affidavits of parties or third persons or any other proof which the court may require."

The issuance of the ex parte injunction in this case cannot be justified under the mandate of the rule. Issuance of the May 6 decree, based on affidavits presented to the chancellor in chambers by the district attorney who had not inspected the business he sought to enjoin, shows an egregious disregard for the due process standards this Court has announced. Moreover, the Commonwealth offers no adequate explanation for the failure to give notice to defendants before issuance of the injunction.[4]

4. At the hearing held May 22 and May 28, 1975, the district attorney was called to testify by counsel for the appellant. This is the colloquy concerning the failure to give notice:

"Q. [Appellants' counsel]. Did you make any effort to contact or notify the defendant that you contemplated filing this action or seeking injunctive relief?

A. [District Attorney]. I did not.

Q. Why not?

A. The information and the complaints and everything had already been lodged with the police, the police advised our office that they were being hounded by the calls and people complaining about the location of the Bethel Gift & Novelty Shop in their area and as I recall it was brought to my attention that the two men in charge, one was that Emberg or whatever his name was, the one who came here and signed for the store and he got the mercantile license, and the man by the name of Short, that they already indicated that they were fully aware of all that was going on, they even pointed out for the officers, they were identifying who were ministers, who were officers coming in there, and that they made a big joke of the thing.

Q. They made a big joke of the thing?

A. They made a big joke of it, so we wanted to stop the joking. So the answer to your question, did I contact Mr. what's his name? Emberg, or Mr. Short, I did not.

Q. Did you make any contact of the Bethel Gift & Novelty Store, they're a defendant also.

A. They are the Bethel Gift & Novelty Shop. Mr. Emberg is the one that made application and he got the mercantile license from the City of Altoona. He's the one, along with Mr. Short, where warrants were issued for their arrest and Mr. Emberg wasn't even available, a warrant was sent to some other

In *Commonwealth v. Guild Theatre, Inc.*, 432 Pa. 378, 248 A.2d 45 (1968), we considered the same issue arising in similar circumstances. The district attorney in that case was granted an ex parte injunction, with no record made, to enjoin the showing of an allegedly obscene motion picture. Mr. Justice O'Brien, in the opinion announcing the judgment,[5] vacated the injunction stating:

"The procedure followed in this case was shockingly defective in at least two respects—the hearing without notice . . . and the censorship without provision for a prompt judicial decision.

The hearing which transpired on July 19, 1968, was reminiscent of the Star Chamber proceedings of yore. It was held ex parte, and no record was made of the proceedings. . . . it must be apparent that such practices must now be allowed to continue."
432 Pa. at 380–81, 248 A.2d at 47.

We considered the same issue in *Apple Storage Co., Inc. v. Consumers Education and Protective Association*, 441 Pa. 309, 272 A.2d. 496 (1971), in which an ex parte injunction was granted enjoining picketing in a consumer dispute. We vacated the injunction stating:

"Decisions of both the United States Supreme Court and this Court have made it *clear beyond question* that an ex parte injunction without notice to those enjoined

---

area before he voluntarily came back and submitted to the warrant that was out for him, as well you know.

Q. On May 6, or prior thereto, the filing of the complaint, did you make any effort to notify the business premises of the Bethel Store?

A. I did not."

5. Justice Cohen and Mr. Justice Roberts joined in the opinion which vacated the injunction. Mr. Justice Eagen filed a concurring opinion, in which Chief Justice Bell and Mr. Justice (now Chief Justice) Jones joined, which agreed that the injunction was to be vacated but also would have remanded to the trial court for a new hearing. Justice Musmanno did not participate in the decision of the case. All six members of the Court who heard the case agreed that the injunction be vacated.

and without any effort to invite or permit their participation in the proceedings is invalid. As the United States Supreme Court said in [*Carroll v. President and Commissioners of Princess Anne*, 393 U.S. 175, 89 S.Ct. 347, 21 L.Ed.2d 325] : 'There is a place in our jurisprudence for ex parte issuance, without notice, of temporary restraining orders of short duration; but there is no place within the area of basic freedoms guaranteed by the First Amendment for such orders where no showing is made that it is impossible to serve or to notify the opposing parties and to give them an opportunity to participate.' Id. at 180, 89 S.Ct. at 351."

441 Pa. at 314, 272 A.2d at 498; accord, *Liberty Corp. v. D'Amico*, 457 Pa. 181, 329 A.2d 222 (1974) ; *Rosenzweig v. Factor*, 457 Pa. 492, 327 A.2d 36 (1974) ; *Commonwealth ex rel. Costa v. Boley*, 441 Pa. 495, 272 A.2d 905. Because the record does not show that "immediate and irreparable injury" would be sustained if the issuance of the injunction were delayed until defendants were given notice and a hearing was held, we find the injunction of May 6 to be invalid.

However, as this Court stated in *Liberty Corp. v. D'Amico*, supra, "to invalidate the ex parte decree, however, does not dispose of this case, for it is [a later] decree . . . entered after a hearing at which all parties were present, which now restrains appellants." 457 Pa. at 184, 329 A.2d at 224. We must therefore determine the validity of the injunction as continued by order of May 28, 1975.

 The ex parte injunction enjoined defendants from ". . . operating any business activity at the premises." [6] The later decree issued after the hearing was not much more specific. The record indicates that

6. At oral argument, it was conceded that the broad injunction would prohibit the sale of cigarettes and candy at the store.

there was a variety of books, magazines and other items, not established to be obscene, sold in this store. There is no basis in the record before us upon which the chancellor could have found that every item in the store was obscene and all sales properly enjoinable. The injunction is manifestly invalid on its face because of its failure to specify with particularity what materials were obscene and to limit its mandate to affect only those so designated. The broad prohibition of this decree, enjoining all business activity, cannot be upheld.

This Court stated in *Collins v. Wayne Iron Works*, 227 Pa. 326, 330, 76 A. 24, 25 (1910):

> "The entry of an injunction is, in some respects, analogous to the publication of a penal statute. It is a notice that certain things must be done or not done . . . .. Such a decree should be as definite, clear and precise in its terms as possible . . . .."

Accord, *Commonwealth ex rel. Costa v. Boley*, supra; *Apple Storage Co., Inc. v. Consumer Education and Protective Association*, supra. The dissemination of printed material is one of the most zealously protected rights accorded by the United States Constitution and the Pennsylvania Constitution.[7] In some circumstances specific publication may be enjoined because they do not enjoy constitutional protection.[8] However, a blanket prohibi-

---

7. U.S.Const. Amend. I; Pa.Const. art. 1, § 7; see *Bantam Books, Inc. v. Sullivan*, 372 U.S. 58, 64 n. 6, 83 S.Ct. 631, 636 n. 6, 9 L. Ed.2d 584 (1963); *Lovell v. Griffin*, 303 U.S. 444, 452, 58 S.Ct. 666, 669, 82 L.Ed. 949 (1937); *46 S. 52nd St. Corp. v. Manlin*, 398 Pa. 304, 157 A.2d 381 (1960).

8. See, e. g., *Miller v. California*, 413 U.S. 15, 93 S.Ct. 2607, 37 L. Ed.2d 419 (1973); *Kois v. Wisconsin*, 408 U.S. 229, 92 S.Ct. 2245, 33 L.Ed.2d 312 (1972); *Bantam Books v. Sullivan*, supra note 7; *Roth v. United States*, 354 U.S. 476, 485, 77 S.Ct. 1304, 1309, 1 L. Ed.2d 1498 (1957); *Commonwealth v. Dell Publications, Inc.*, 427 Pa. 189, 233 A.2d 840, cert. denied, 390 U.S. 948, 88 S.Ct. 1038, 19 L.Ed.2d 1140 (1967).

tion against the dissemination of all "books, papers, magazines and all other materials" cannot be tolerated.[9]

Decree vacated. Each party pay own costs.

JONES, C. J., did not participate in the consideration or decision of this case.

9. Our disposition of this case makes it unnecessary for us to reach appellants' claim that the Act of December 6, 1972, P.L. 1068, § 1, 18 P.S. § 5903 (1973) is unconstitutional.