359 A.2d 178

**COMMONWEALTH of Pennsylvania**

v.

**John Arthur VAN EMBURG, an Individual, et al.,
Appellants.**

Supreme Court of Pennsylvania.

Argued March 11, 1976.

Decided May 12, 1976.

Majorie H. Matson, Pittsburgh, for appellants.

Albert C. Gaudio, James J. Conte, Asst. Dist. Attys., Greensburg, for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

ROBERTS, Justice.

Appellants appeal [1] from a decree of the Court of Common Pleas of Westmoreland County granting a preliminary injunction which enjoined appellants from "selling, lending, distributing, exhibiting, giving away, or showing . . . any literature, books, magazines, pamphlets, newspapers, story papers, papers, comic books, drawings, photographs [or films] that are patently offensive representations or descriptions of ultimate sexual acts . . ." The court claimed to exercise its injunctive power under authority of both common law and section 5903(h) of the Crimes Code.[2]

 In *Commonwealth v. MacDonald*, 464 Pa. 435, 347 A.2d 290 (1975), decided October 30, 1975, we affirmed the holding of a court of common pleas that section 5903(h) was unconstitutionally vague and that the court had no power independent of the statute to enjoin the exhibition of allegedly obscene files. We reaffirmed that holding in *Commonwealth v. Krasner*, —— Pa. ——, —— A.2d —— (1976) [Pa. 4542 filed March 31, 1976].

---

1. We hear this appeal under authority of the Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, art. II, § 202(4), 17 P.S. § 211.202(4) (Supp.1975). Direct appeals from the courts of common pleas were transferred to the Superior Court by Supreme Court Rule 73. The decree in this case was entered before the effective date of the rule.

2. 18 C.P.S.A. § 5903(h) (1973).

*MacDonald* and *Krasner* control this case and require reversal of the decree issued by the court of common pleas.

Decree reversed. Each party pay own costs.

JONES, C. J., dissents.