368 A.2d 694

LeRoy S. ZIMMERMAN, District Attorney
of Dauphin County, Appellee.

v.

PHILJON, INC., et al., Appellants in
Nos. 46 and 55 (two cases).

LeRoy S. ZIMMERMAN, District Attorney
of Dauphin County, Appellee,

v.

John KRASNER et al., Appellants in
Nos. 47 and 56 (two cases).

LeRoy S. ZIMMERMAN, District Attorney
of Dauphin County, Appellee,

v.

DAMISS, INC., et al., Appellants.
No. 57.

Supreme Court of Pennsylvania.

Argued June 26, 1975.

Decided Jan. 28, 1977.

410

Jeffrey A. Ernico, Harrisburg, for appellants.

LeRoy S. Zimmerman, Dist. Atty., Richard L. Guida, Dep. Dist. Atty., Harrisburg, for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION BY THE COURT

PER CURIAM.

On April 24, 1974, Dauphin County District Attorney LeRoy S. Zimmerman, appellee herein, brought an action in equity against appellants Philjon, Inc., John Krasner and Damiss, Inc., seeking to enjoin them from "promoting, advertising, exhibiting to the public, selling, or in any way doing business" in certain books, magazines, films and "apparatus for artificial sexual stimulation" alleged to be obscene. Without providing appellants with notice or an opportunity to be heard, the Chancellor granted the requested preliminary injunction and directed that appellants be notified, pursuant to Pa.R.C.P. 1531, that a hearing would be held on April 29, 1974, to determine whether the injunction should be continued.

On April 29, 1974, a hearing was held as scheduled, testimony taken, and the injunction was continued pending a hearing on appellee's request for a permanent injunction. That hearing was held on August 5, 1974, and on August 12, 1974, the Chancellor entered a decree wherein he found the submitted publications and apparatus obscene. The decree not only prohibited appellants

from exhibiting or selling the materials found to be obscene, but permanently enjoined appellants from operating the businesses, ordering them to remove "all exterior advertising and indicia of business operations" from the premises. Appellants took exceptions to the decree, which were denied, and the decree was made final.[1] This direct appeal followed.[2] For the reasons discussed below, we reverse.

The Chancellor determined that there were two legal bases upon which the injunction could be grounded; 1) the civil remedy provision in section 5903(h) of the Pennsylvania Obscenity Statute, 18 Pa.C.S. § 5903(h) (1974), and 2) the common law of nuisance.

As to the first ground, section 5903(h) of the Pennsylvania Obscenity Statute authorizes the district attorney in any county in which any person "sells, lends, distributes, exhibits, gives away or shows" any obscene materials to institute proceedings in equity in the appro-

1. Although the instant appeal is from the entry of the permanent injunction, we are constrained to comment concerning the procedure employed in the institution of the preliminary injunction. The preliminary injunction was granted by the lower court solely on the basis of the complaint, without a showing that "immediate and irreparable injury" would ensue before notice to appellants could be provided or a hearing held.

   The sort of ex parte procedure in which the preliminary injunction was granted in this case has been repeatedly condemned and held to be invalid by this Court.

   .    .    .    .    .    .    .    .    .

   The blatant and shocking disregard of the notice requirement of Rule 1531 shown in this case by both the district attorney and the court cannot be condoned. This is particularly so where First Amendment freedoms are involved  .  .  .  .
   *Ranck v. Bonal Enterprises, Inc.*, 467 Pa. 569, 359 A.2d 748, 750–51 (1976). *See also Carroll v. President and Commissioners of Princess Anne*, 393 U.S. 175, 89 S.Ct. 347, 21 L.Ed.2d 325 (1968); *Commonwealth ex rel. Davis v. Van Emberg*, 464 Pa. 618, 347 A. 2d 712 (1975); *Commonwealth v. Guild Theatre, Inc.*, 432 Pa. 378, 248 A.2d 45 (1968).

2. Jurisdiction in this Court is based on the Appellate Court Jurisdiction Act, Act of July 31, 1970, P.L. No. 223, art. II, § 202(4), 17 P.S. § 211.202(4) (1976) (suspended July 1, 1976, *see* Pa.R.App.P. 702(b)).

priate court of common pleas to obtain an injunction prohibiting the sale, distribution, etc. of such obscene material. However, in *Commonwealth v. MacDonald*, 464 Pa. 435, 347 A.2d 290 (1975), this Court held that the definition of obscenity set forth in section 5903(b) of the statute was unconstitutionally vague and contrary to the definitional requirements of obscenity established by the United States Supreme Court in *Miller v. California*, 413 U.S. 15, 93 S.Ct. 2607, 37 L.Ed.2d 419 (1973). Since section 5903(h) only permits the enjoining of transactions in materials determined to be obscene under the standards set forth in section 5903(b) of the statute, we thus held that no injunction could issue under section 5903(h) in the absence of a constitutionally valid definition of obscenity. We also recognized in *MacDonald* that a court of common pleas had no power independent of statute to enjoin the exhibition and sale of allegedly obscene materials. *See Grove Press, Inc. v. City of Philadelphia*, 418 F.2d 82 (3rd Cir. 1969). Our decision in *MacDonald* was subsequently reaffirmed in *Commonwealth v. Evan*, 467 Pa. 42, 354 A.2d 541 (1976) and *Commonwealth v. Van Emburg*, 467 Pa. 445, 359 A.2d 178 (1976), and is equally controlling in the case presently at bar.

▪▪▪ The Chancellor also premised the injunction against appellants under a theory of common law nuisance based upon his determination that the continued operation of appellants' businesses constituted a clear and present danger to the public. This conclusion rested solely upon testimony at the hearings that similar businesses located in other counties in the Commonwealth had been subjected to actual or attempted violence. Evidence of this nature was relied upon by the Court of Common Pleas of Northumberland County in *Ranck v. Bonal Enterprises, Inc., supra*, to enjoin an operation similar to appellants, and we there stated that such evidence was "patently insufficient" to support a finding of

nuisance. We now reiterate that "where there is no nuisance per se, an injunction will not be granted to restrain a nuisance that is merely anticipated or threatened," 467 Pa. at 578, 359 A.2d at 752, and this is particularly so where the injunction threatens the suppression of constitutionally protected expression. *Cf. Tinker v. Des Moines Independent Community School District,* 393 U.S. 503, 89 S.Ct. 733, 21 L.Ed.2d 731 (1969); *Terminiello v. Chicago,* 337 U.S. 1, 69 S.Ct. 894, 93 L.Ed. 1131 (1949).

Decree reversed. Each party to bear own costs.

ROBERTS, J., filed a concurring opinion.

JONES, C. J., filed a dissenting opinion.

ROBERTS, Justice, concurring.

In *Ranck v. Bonal Enterprises, Inc.,* 467 Pa. 569, 359 A.2d 748 (1976), a majority of this Court held that the lawful operation of a bookstore can never be enjoined as a nuisance because it is unpopular and therefore the target of violence. Id. at 579–581, 359 A.2d at 753–54 (concurring opinion of Roberts, J., joined by Pomeroy, Nix and Manderino, JJ.). Here, the Chancellor premised the injunction on a determination that businesses similar to appellant's located in other counties had been subject to actual or attempted violence. I join the majority opinion believing that today's decision reversing the Chancellor's decree is based upon the views expressed by the majority of this Court in *Ranck,* supra.

JONES, Chief Justice, dissenting.

I dissent, although I agree with the Court that, under the circumstances, there were no grounds for finding a common law nuisance. *Ranck v. Bonal Enterprises,* 467 Pa. 569, 573, 359 A.2d 748, 750–51 (1976).