## Monroeville v. Monroeville News Company, Inc.

92

*John D. Finnegan,* for plaintiff.
*Carl Janavitz,* for defendant.

FINKELHOR, *J.,* January 22, 1981—The above matter comes before the court on the preliminary objections of defendant Monroeville News Co., Inc. t/d/b/a The Monroeville Newsstand, a corporation (hereinafter Monroeville News), to the complaint in equity of the municipality of Monroeville (hereinafter Monroeville), wherein both preliminary and permanent injunctions were sought to restrain the sale of certain publications alleged to be obscene and a "public nuisance" under the provisions of an ordinance effective July 31, 1976. This same ordinance was also considered by Barry, J., in Monroeville v. Monroeville News Company, Inc., no. G. D. 76-21512 (opinion issued March 1, 1977).

This action is similar to many that have been filed by local communities to regulate or prohibit so-called "adult book stores" and raises the difficult problem of the balancing of First Amendment rights and the police power of local and state government. Unfortunately, the line between obscenity and free speech is a thin one and obscenity, like beauty, is governed by the eye of the beholder.

Plaintiff Monroeville, a home-rule community, adopted Ordinance no. 1027 on July 13, 1976, establishing, inter alia, civil procedures for the abatement of the sale of obscene publications as a "public nuisance." Section 1 of said ordinance sets forth the purpose and policy of the legislation, the effect of said publications on the sensibilities of the community as well as "property values" and the public safety and that the continued operation of such activities is detrimental to the best health, safety, convenience, good morals and general welfare of the municipality of Monroeville and "to cause such activities to be a public nuisance."

Section 4 deals with places of business in which lewd publications constitute a principal part of the stock in trade and declares such establishments to be a "public nuisance" and "any and every lewd publication" to be a public nuisance per se.

Under section 7 of said ordinance, the Municipal Council is instructed to pass a resolution declaring a nuisance in fact to exist and to describe the location of the alleged nuisance, setting forth, with particularity, the publications that constitute said alleged nuisance and the basis for such a finding and to order a summary abatement of the declared nuisance. The ordinance further provides that a true and correct copy of this resolution is to be served on the person or establishment involved, said service to establish a conclusive presumption of scienter under section 6 of the ordinance. If the nuisance is then not abated, under section 9(A) of the ordinance the Municipal Attorney is directed to commence legal proceedings by the filing of a civil action not later than three days after the passage of the initial resolution.

Under section 9(A), the Municipal Attorney may seek the following relief: (1) a declaratory judgment; (2) an accounting, including the forfeiture of consideration received for said publications; (3) an injunction to restrain all persons responsible for maintaining said nuisance from selling or possessing for sale such lewd publications at any time and in the future; (4) the forfeiture of said publications and (5) a judgment for all costs in favor of the municipality.[1]

Pursuant to this ordinance, the Municipal Coun-

---

1. While not raised by the parties, there is also a question of whether a municipal ordinance can alter or bind the procedure and power of the common pleas court. See Philadelphia v. Price, 419 Pa. 564, 215 A. 2d 661 (1966).

cil of Monroeville adopted Resolution no. 77-58 on September 13, 1977, and declared enumerated publications found in defendant's establishment to be a public nuisance. Service of the resolution and notice to abate was made on defendant at its address at 2735 Stroschein Road, Monroeville, Pa.

Plaintiff's complaint in equity was filed September 23, 1977 and sought to restrain defendant from "selling and/or displaying . . . any of the publications referenced herein *or other similar publications* until such time as it is determined that the Defendant is not in violation of Ordinance no. 1027 of the Municipality of Monroeville." (Emphasis supplied.) Plaintiff further requested that "Defendant be permanently restrained from violating [this] Ordinance."

Defendant filed preliminary objections as follows: (1) lack of capacity to sue due to the failure to follow certain procedural directives mandated by the municipal ordinance; (2) failure to state a cause of action; (3) the unconstitutionality of the municipal ordinance. Defendant supplemented these allegations at a later date to the effect that the new Pennsylvania obscenity statute, Crimes Code, 18 Pa.C.S.A. §5903(a) effective January 5, 1978, preempted the regulation of obscenity in this Commonwealth.[2]

---

2. With the agreement of counsel, the court considered the additional argument. While at the time suit was filed, the Crimes Code of 1972 included the offense of *obscenity,* 18 Pa.C.S.A. §5903, the definition of said offense did not meet the standard of Miller v. California, 413 U.S. 15, 93 S.Ct. 2607 (1973). See, also, Ranck v. Bonal Enterprises, Inc., 467 Pa. 569, 359 A. 2d 748 (1976); Com. v. Van Emburg, 467 Pa. 445, 359 A. 2d 178 (1976); Com. v. MacDonald, 464 Pa. 435, 347 A. 2d 290 (1975).

In view of the preliminary objections in the instant proceeding, the Chancellor did not take testimony but agreed to consider the legal issues prior to conducting a trial.

As previously stated, a similar action in equity was brought by the Municipality of Monroeville against the same defendant, Monroeville News Company, at no. G.D. 76-21512 and was considered by Judge Barry in his opinion of March 1, 1977. After hearing, Judge Barry reviewed the ordinance and granted equitable relief only as to those publications specifically before the court, but further stated as follows: ". . . Therefore, the court is of the opinion that these materials are properly enjoinable. However, the court is further of the opinion that only such materials that have been properly considered under Ordinance No. 1027 are hereby enjoinable. 'Other similar publications' are not enjoinable under the Order enacted herein."

To our knowledge, there has been no appeal from Judge Barry's order limiting the scope of the requested relief. The parties in the instant proceeding are the same and the only difference between the two actions is the specific list of publications attached to the complaint.

Similar conclusions have been reached by our appellate courts: Ranck v. Bonal Enterprises, Inc., supra; Brightbill v. Rigo, Inc., 274 Pa. Superior Ct. 315, 418 A. 2d 424 (1980). As stated in Ranck at 467 Pa. 577, 578, 359 A. 2d 752:

"In addition, it has been held that obscenity cannot at once be defined and enjoined under the common law of public nuisance, because nuisance law provides too vague a standard for determining the line between protected and unprotected speech.

Commonwealth v. MacDonald, supra; Grove Press, Inc. v. City of Philadelphia, 418 F. 2d 82 (3rd Cir. 1969). Thus, there is no basis for finding appellant's wares, exhibited and sold to adults only, obscene, and no basis for enjoining the operation of appellant's bookstore as a nuisance per se."

Thus, any action by the court can only be after the specific book or magazine has been examined and found obscene and cannot apply to "similar publications" of a like nature. While obscene material is not protected by the First Amendment to the United States Constitution, the doctrine of prior restraint forbids injunctions in futuro: Brightbill v. Rigo, 274 Pa. Superior Ct. 315, 418 A. 2d 424, 427. Thus, the court may only consider those publications specifically listed in the complaint.

However, in November 1977, the Commonwealth of Pennsylvania adopted a new obscenity law under the Crimes Code, 18 Pa.C.S.A. §5903(b), to include the standards enunciated by the Supreme Court of the United States in Miller v. California, 413 U.S. 15, 93 S.Ct. 2607 (1973), as follows:

"'Obscene materials.' Any literature, including any book, magazine, pamphlet, newspaper, storypaper, comic book or writing, and any figure, visual representation, or image including any drawing, photograph, picture or motion picture, if:

"(1) the average person applying contemporary community standards would find that the subject matter taken as a whole appeals to the prurient interest;

"(2) the subject matter depicts or describes in a patently offensive way, sexual conduct of a type described in this section; and

"(3) the subject matter, taken as a whole, lacks serious literary, artistic, political, educational or scientific value."

The violation of the statute constitutes a misdemeanor of the second and first degree and carries a higher penalty than the Monroeville ordinance.

In addition, section 5903(g) of the new act specifically provides for injunctive relief as follows:

"(g) Injunction. The attorney for the Commonwealth may institute proceedings in equity in the court of common pleas of the county in which any person violates or clearly is about to violate this section for the purpose of enjoining such violation. The court shall issue an injunction only after written notice and hearing and only against the defendant to the action. The court shall hold a hearing within three days after demand by the attorney for the Commonwealth, one of which days must be a business day for the court, and a final decree shall be filed in the office of the prothonotary within 24 hours after the close of the hearing. A written memorandum supporting the decree shall be filed within five days of the filing of the decree. The attorney for the Commonwealth shall prove the elements of the violation beyond a reasonable doubt. The defendant shall have the right to trial by jury at the said hearing."

Nothing in this section provides any authority for legislation or action by municipalities to regulate obscene literature or to aid in the enforcement of the state law by civil action.

In Zimmerman v. Philjon, Inc., 470 Pa. 409, 368 A. 2d 694 (1977), the Pennsylvania Supreme Court held that a court of common pleas had no power independent of statute to enjoin the exhibition and sale of allegedly obscene materials: Grove Press Inc. v. Philadelphia, 418 F. 2d 82 (3d Cir. 1969); Com. v. MacDonald, 464 Pa. 435, 347 A. 2d 290 (1975); Com. v. Evan, 467 Pa. 42, 354 A. 2d 541

(1976). See, also, Eastern Books, F&N Enterprises, Inc. v. Bagnoni, 446 F. Supp. 643 (W.D. Pa. 1978).

We are sympathetic to the concerns of the Municipality of Monroeville and its efforts to find some mechanism which will comply with First Amendment rights but will also permit it to protect the citizens of the community from alleged obscene material. However, with the passage of a statewide criminal statute which fails to delegate cooperative powers to the various municipalities, actions to enjoin the sale of obscene or lewd material, as defined by Miller, has been preempted by the Commonwealth of Pennsylvania, including the imposition of penalties and injunctive relief: Schneck v. Philadelphia, 34 Pa. Commonwealth Ct. 96, 383 A. 2d 229 (1978).

Based upon the above discussion, it is not necessary to rule on the other issues raised by defendants.

An appropriate order is attached hereto dismissing this matter as moot.

## ORDER

And now, January 22, 1981, upon plaintiff's complaint and petition for injunctive relief and defendant's preliminary objections and it appearing to the court that section 5903 of the Pennsylvania Criminal Code, as ame··ded in 1977, 18 Pa.C.S.A. §5903, governs these proceedings, plaintiff's complaint, as stated, is moot and is dismissed without prejudice to any action that may be filed by the Commonwealth.