OPINION OF THE COURT
Thomas P. Flaherty, J.
In this proceeding the plaintiff seeks to have the defendants found guilty of contempt for the failure to furnish water to premises owned by the plaintiff in the Town of Porter which is adjacent to the defendant Town of Lewis-ton.
More specifically the plaintiff predicates its claim of contempt upon the alleged violation by the defendants of a temporary restraining order contained in an order to show cause which prohibited the termination of such water services to plaintiff’s property.
In 1978 and pertinent here, the plaintiff (hereinafter the Park) owned property on both the north and south sides of the boundary line between the Towns of Lewiston and Porter and the defendant Town of Lewiston furnished water to those premises.
On October 16,1978 the Lewiston Town Board adopted a resolution terminating water service to plaintiff unless delinquent water bills were paid within 48 hours and a properly functioning water meter was installed.
*399 In response the plaintiff applied to the Supreme Court and on October 19, 1978 Special Term signed and granted an order to show cause as to why an order should not be made restraining and enjoining the town from shutting off the public water service to the Park.
That show cause order which was returnable on October 23, 1978 contained a temporary restraining order staying, enjoining and restraining the town from shutting off the public water service to the Park until determination of the motion. There was no action commenced either before or at the time of the granting of the show cause order.
In any event there were many adjournments of the hearing on the order to show cause and the water service was continued as the parties negotiated a settlement of the differences between them.
In May — June, 1979 the matter between the parties was settled and one of the conditions required the plaintiff to install a new meter.
It appears that an $8,000 meter was ordered by and delivered to the plaintiff but never installed and the defendant contends that it was repossessed by one of plaintiff’s creditors. Plaintiff insists “that obviously a backflow preventor valve in excess of $8,000 could not just be allowed to sit on the property and was returned to the supplier”.
Sometime in the interim the Sommerset Group, Inc., went through backruptcy or corporate reorganization.
On September 20, 1980 the defendants had a letter sent to plaintiff advising that water service would be terminated if plaintiff failed to build a meter pit and install a meter and backflow preventor by September 29, 1980.
Claiming noncompliance, on April 27,1981 the Lewiston Town Board adopted a resolution which called for termination of the water service to plaintiff because of an unpaid outstanding water bill and the fact that no operable meter had been installed and on April 28, 1981, water service to plaintiff was terminated.
The plaintiff claims there was no bill which hadn’t been - paid for water furnished to that time.
On December 28, 1981 an attorney for the creditors committee of the Sommerset Group, Inc., appeared before *400 the Lewiston Town Board and after explaining that the Sommerset Group was in reorganization appealed for a restoration of water service to the Park. The town board adopted a motion approving the sale of water to the Park providing a suitable meter was installed.
The defendants contend that nothing happened at all for some five months until service of the instant notice of motion for contempt and other relief.
In this proceeding it is the contention of the plaintiff that the defendants are in contempt of the October 19, 1978 order to show cause and with the temporary restraining order contained therein by virtue of having shut off the water to the Park on April 28, 1981.
While this court recognizes that a refusal to obey a temporary restraining order may be punishable as contempt (CPLR 5104; Orchard Park Dist. v Teacher’s Assn., 50 AD2d 462) such treatment is unwarranted in this case.
“Upon granting a temporary restraining order, the court shall set the hearing for the preliminary injunction at the earliest possible time.” (CPLR 6313, subd [a].) This “earliest possible” time requirement recognizes the proposition that an ex parte restraint against the defendant should be as brief as possible.
The order to show cause containing the temporary restraining order was signed and granted on October 19, 1978 returnable for a hearing on the preliminary injunction request on October 23, 1978. By April 28, 1981 the date water was shut off from the Park and a period of some two and one-half years from the granting of the temporary restraining order no hearing had been held on the merits of the show cause order. While this court need not specify the actual date by which a hearing should have been held in this case, the two- and one-half-year period which elapsed from the signing of the temporary restraining order to the actual termination of the water service to the Park is clearly not within the “earliest possible” time requirement of CPLR 6313 (subd [a]). To hold otherwise would in effect transform a temporary restraining order into a permanent injunction.
Another and serious jurisdictional problem faces the plaintiff by virtue of the fact that no action has ever been *401 commenced for either preliminary or permanent injunctive relief.
The commencement or pendency of an action is an indispensable prerequisite to the granting of a temporary restraining order. (McCampbell v Di Nuzzo, 50 Misc 2d 437, 439; Schoeman v Consolidated Edison Co. of N. Y., 66 Misc 2d 784, 787.)
CPLR 6311 (subd 1) requires that notice of the motion for a preliminary injunction be served with the summons which commences the attendant action or at any time thereafter. Since an order to show cause containing a temporary restraining order serves as a notice of motion for a preliminary injunction the summons should either precede or accompany the service of the show cause order. (Siegel, New York Practice, § 330, p 403.)
Since no action has been commenced to date, the temporary restraining order granted in this case cannot stand in any event as the basis for a finding of contempt regardless of the time delay problem previously addressed by the court.
Accordingly plaintiff’s request for a finding of contempt is in all respects denied.