STATE of Colorado, ex rel. Natalie MEYER, in her official capacity as Secretary of State, State of Colorado; and Gale A. Norton, in her official capacity as Attorney General, State of Colorado, Plaintiffs–Appellants,

v.

RANUM HIGH SCHOOL, Ranum High School Parents Advisory Committee, and Westminster School District No. 50, Defendants–Appellees.

No. 94CA0537.

Colorado Court of Appeals, Div. IV.

March 23, 1995.

As Modified on Denial of Rehearing April 27, 1995.

Gale A. Norton, Atty. Gen., Stephen K. ErkenBrack, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Laurie Rottersman, Asst. Atty. Gen., Denver, for plaintiffs-appellants.

Semple & Jackson, P.C., Martin Semple, Patrick B. Mooney, Denver, for defendants-appellees.

Opinion by Judge PLANK.

In this action for equitable relief, plaintiff, the State of Colorado, appeals the trial court's order denying relief. We reverse and remand with instructions.

A complaint was originally filed with the Secretary of State, alleging that the Ranum High School Newsletter, a mailing produced and mailed at taxpayer expense, urged voters to oppose an initiative which was then in the petition process. (The initiative was never qualified for the November 1992 ballot).

In June 1992, a hearing on the complaint was held by the Secretary of State who found that defendants "did violate the Campaign Reform Act by the printing and dissemination of election materials through the school mail system." Accordingly, pursuant to the statute now codified as § 1–45–113(2)(c), C.R.S. (1994 Cum.Supp.) of the Campaign Reform Act, the Secretary of State notified the Attorney General, who instituted this lawsuit in January 1993, requesting injunctive relief, a declaratory judgment that the violation did fall under the Campaign Reform Act, and an affirmance of the Secretary of State's order. The trial court denied relief, concluding that a controversy no longer existed in this case, and dismissed the complaint. This appeal followed.

Section 1–45–113(2)(c) provides in pertinent part:

Upon a proper showing that a person or public entity identified in section 1-45-116 *has engaged* or is about to engage in such acts or practices [which violate that section], a permanent or temporary injunction, restraining order, or other order *shall be granted* without bond by [the] court [in which the civil proceedings were brought]. (emphasis added)

The language of this statutory section is mandatory and unqualified.

The trial court concluded that no irreparable harm existed that could be remedied by an injunction granted pursuant to C.R.C.P. 65. However, § 1-45-113(2)(c) authorizes the trial court to grant an injunction without such a showing, reflecting a policy judgment by the General Assembly that violations of the Campaign Reform Act are to be remedied in accordance with the statute. Hence, we conclude that the statute, and not C.R.C.P. 65, controls to the extent that the statute may conflict with the rule. See *J.T. v. O'Rourke*, 651 P.2d 407, 410 (Colo.1982) (fn. 2). Thus, the trial court erred in denying injunctive relief.

Accordingly, the cause must be remanded to the trial court for further proceedings. If the trial court on remand determines that defendants did in fact violate the Campaign Reform Act, it shall enter an order granting relief. Injunctive relief may be granted in order to ensure that unlawful conduct will not be repeated in the future.

In the trial court, the Attorney General requested an order enjoining defendants from engaging in a variety of acts that would violate the Campaign Reform Act, even though there had been no determination by the Secretary of State that such acts occurred. Because this issue may arise on remand, we note that if the trial court determines that the appropriate relief is an injunction, it must enter an order enjoining the district from engaging, in the future, in only the specific conduct that it determines was improper. Contrary to the Attorney General's contention, the trial court may not enter an order enjoining essentially all conduct which would violate the Campaign Reform Act, no matter how specifically described, as such an injunction would be vague and overbroad. *See Keyes v. School District No. 1*, 895 F.2d 659 (10th Cir.1990).

The judgment is reversed, and the cause is remanded to the trial court for further proceedings consistent with this opinion.

NEY and RULAND, JJ., concur.