**CF & I STEEL, L.P., a limited partnership, Plaintiff–Appellee,**

v.

**UNITED STEEL WORKERS OF AMERICA (USWA); United Steel Workers of America, Locals 2102 and 3267; Jack Golden, Director–District 12 USWA; David Kins, Sub–District Director, Sub–District 6 of District 12 USWA; Ernie Hernandez, President, Local 2102; Joey**

Padilla, Financial Secretary, Local 2102; Jeanne Landreth, Vice President, Local 3267; Jim Harford, Vice President, Local 3267; Sam Pierce; Tom Genetta; Richard Martinez; and Henry LaFabre, Defendants–Appellants.

No. 02CA0875.

Colorado Court of Appeals, Div. V.

June 5, 2003.

Alaniz and Schraeder, L.L.P., Richard D. Alaniz, Joseph L. Wood, III, David L. Barron, Houston, Texas; Kettlecamp, Young & Kettlecamp, P.C., Wesley C. Kettlecamp, Jr., Pueblo, Colorado, for Plaintiff–Appellee.

Bredhoff & Kaiser, P.L.L.C., Leon Dayan, Washington, D.C.; Dennis E. Valentine, Denver, Colorado, for Defendants–Appellants.

Opinion by Judge CARPARELLI.

Defendants, United Steel Workers of America (USWA); United Steel Workers of America, Locals 2102 and 3267; Jack Golden, Director–District 12 USWA; David Kins, Sub–District Director, Sub–District 6 of District 12 USWA; Ernie Hernandez, President, Local 2102; Joey Padilla, Financial Secretary, Local 2102; Jeanne Landreth, Vice President, Local 3267; Jim Harford, Vice President, Local 3267; Sam Pierce; Tom Genetta, Richard Martinez; and Henry LeFabre (collectively, the Union), appeal a trial court order that, upon remand, affirmed a 1997 preliminary injunction entered in favor of plaintiff, CF & I Steel, L.P. We vacate the preliminary injunction as to these defendants.

In 1997, the Union authorized a strike against CF & I. During the strike, several individual union members harassed and communicated threats to employees who crossed the picket line. Union members also picketed the residence of a nonstriking CF & I employee. The trial court subsequently enjoined the Union from engaging in violent, intimidating, threatening, and harassing conduct and, pursuant to § 8–3–108(2)(a), C.R.S. 2002, from picketing, peacefully and otherwise, at the homes of company employees.

The supreme court reviewed the matter and concluded that the portion of § 8–3–108(2)(a) that prohibited labor picketing in residential areas was facially invalid under the First Amendment and the Equal Protection Clause of the Fourteenth Amendment. *CF & I Steel, L.P. v. United Steel Workers,* 23 P.3d 1197 (Colo.2001)(*CF & I v. USWA*

*I* ), *aff'g* 990 P.2d 1124 (Colo.App.1999). The supreme court ruled that the trial court's order could be upheld only if it were based on the police power of the state. *CF & I v. USWA I, supra,* 23 P.3d at 1207.

Consequently, the supreme court returned the case to the trial court "for a determination as to whether the Union authorized or ratified the wrongful conduct of its members," to "clarify whether the union-related misconduct in this case is enjoinable under the state police power," and, if so, to clarify the extent to which the injunction was based on that police power. *CF & I v. USWA I, supra,* 23 P.3d at 1206–07.

On remand, the trial court upheld its 1997 injunction order. It found that: (1) CF & I "has not established by a preponderance of the evidence that the [U]nion either approved of the violent acts that occurred or participated actively in the knowing tolerance of the acts"; (2) "there is insufficient evidence presented at the hearing that the Union officials approved the acts"; (3) "[t]here is no evidence that the Union encouraged, condoned, or required the threats and harassment" by some Union members against nonstriking employees; (4) there were acts of violence that may not have been authorized, condoned, or ratified by the Union; and (5) the Union "did not have control over its membership that engaged in acts of criminal mischief and harassment." The Union now appeals.

The Union contends that the trial court erred when it did not vacate the injunction against it on remand. It argues that, because the trial court found that the Union did not authorize or ratify the misconduct of individual union members, the injunction is improper. We agree.

In response, CF & I argues that the Union's lack of ratification of the misconduct is irrelevant because the trial court properly acted within its police power when it enjoined the Union, consistent with the holding in *Milk Wagon Drivers Union, Local 753 v. Meadowmoor Dairies, Inc.,* 312 U.S. 287, 61 S.Ct. 552, 85 L.Ed. 836 (1941), which allows a state to enjoin peaceful picketing when it is set against a background of violence. *See also United Mine Workers v. Golden Cycle*

*Corp.,* 134 Colo. 140, 300 P.2d 799 (1956)(ruling that state courts have jurisdiction to enjoin tortious conduct in labor disputes). We are not persuaded.

The trial court found that there was some evidence that the residential picketing was peaceful. However, it also determined that the "backdrop of this strike was one of intimidation and violence" and that "an intolerable invasion of the substantial individual interest in residential privacy exists here." Based on these findings and *Milk Wagon Drivers Union, supra,* the court concluded that, although CF & I did not establish a nexus between the actions of the Union and the acts of individuals, an injunction of residential picketing was warranted and was "a valid exercise of the police powers of the State" because of "the environment in which these acts of violence and damage took place."

We conclude that the trial court erred when it relied on the "police power of the state" to enjoin the Union.

## I.

■ The police power is an "inherent attribute of sovereignty with which the state is endowed for the protection and general welfare of its citizens." *Cottrell Clothing Co. v. Teets,* 139 Colo. 558, 562, 342 P.2d 1016, 1019 (1959)(quoting *Rowekamp v. Mercantile–Commerce Bank & Trust Co.,* 72 F.2d 852, 858 (8th Cir.1934)). It is "the genesis of the General Assembly's action." *Cottrell Clothing Co. v. Teets, supra; see also Zimmerman v. Philjon, Inc.,* 470 Pa. 409, 413, 368 A.2d 694, 696 (1977)("a court of common pleas had no power independent of statute to enjoin the exhibition and sale of allegedly obscene materials").

■ Courts can give effect to the state's police power when they grant relief for violations of law. Absent a conclusion that a party acted contrary to law, courts do not have the power to grant injunctive relief. *Schoeman v. Consol. Edison Co.,* 66 Misc.2d 784, 322 N.Y.S.2d 132, 135 (N.Y.Sup.Ct. 1971)("Courts have no inherent power to grant injunctive relief. The power to enjoin is limited to that given by the legislature.").

## II.

In *CF & I v. USWA I*, the supreme court ruled that "the Union can be held liable only if it can be proven by a preponderance of the evidence that it participated in, authorized, or ratified the tortious acts of its members." *CF & I v. USWA I, supra*, 23 P.3d at 1205. The supreme court cited the Norris-LaGuardia Act, 29 U.S.C. § 106 (2000), and relied on federal case law and principles of common law agency that limit union liability to situations in which there is "proof that the union either approved of the violent acts that occurred, or participated actively or in 'knowing tolerance' of the acts." *CF & I v. USWA I, supra*, 23 P.3d at 1205 (citing *United Mine Workers v. Gibbs*, 383 U.S. 715, 739, 86 S.Ct. 1130, 1146, 16 L.Ed.2d 218 (1966)).

Thus, we conclude that the supreme court ruling in *CF & I v. USWA I, supra*, required proof by a preponderance of the evidence that the Union ratified or authorized the misconduct in order for the Union to be enjoined. *See Philadelphia Marine Trade Ass'n v. Local 1291, Int'l Longshoremen's Ass'n*, 909 F.2d 754, 759 (3d Cir.1990)(ruling plaintiff was not entitled to an injunction against the union under common law agency principles, when the district court found that the union did not instigate, support, ratify, or encourage the strike). *See generally State ex rel. Meyer v. Ranum High Sch.*, 895 P.2d 1144 (Colo.App.1995)(an injunction can only enjoin specific conduct the court deems is improper).

We recognize that the trial court reached its conclusion that the injunction was a proper exercise of the police power based on its findings regarding the backdrop of intimidation and violence and invasion of the individual interest in residential privacy. We also note that the court relied on the Supreme Court decision in *Milk Wagon Drivers Union, supra*, when it did so. However, we consider that reliance misplaced. In that case, the findings that the union intentionally interfered with the plaintiff's business and ratified the illegal acts of its members were essential to the Supreme Court's decision. *See Meadowmoor Dairies, Inc. v. Milk Wagon Drivers' Union, No. 753*, 371 Ill. 377, 21 N.E.2d 308 (1939). Hence, that decision does not support the imposition of an injunction when, as here, a union has not participated in, authorized, or ratified the illegal acts of its members.

Accordingly, we vacate the injunction in its entirety as to the Union defendants. In light of our ruling here, we do not address the Union's remaining contentions on appeal.

The preliminary injunction order is vacated as to the Union defendants who are appellants here. Because Harold Trujillo, Dan Martinez, Pat Goodrich, and Robert Alarcon have not appealed, the injunction remains effective as to them.

Judge ROTHENBERG and Judge VOGT concur.