894 A.2d 1290 (2006)
In re: D.G., JR., a Minor.
Appeal of: D.G., Father.
Superior Court of Pennsylvania.
Submitted November 28, 2005.
Filed March 10, 2006.
Sharon M. Biasca, Pittsburgh, for appellant.
*1291 Shawna Hill, Pittsburgh, for appellee.
Wendy Kobee, Pittsburgh, for Allegheny County, for CYF, participating party.
BEFORE: MUSMANNO, KLEIN and JOHNSON, JJ.
OPINION BY KLEIN, J.:
¶ 1 D.G. (Father) appeals from the order entered April 20, 2005, adjudicating his 13-year-old son dependent and ordering that son remain in his stepmother's care. Father does not challenge the dependency adjudication itself; rather, he challenges the "no contact" provision that was added to the order ex parte after the conclusion of the dispositional hearing. Father claims the trial court abused its discretion when it amended the order to prohibit Father from having any contact with a school counselor who had been a witness in the case. Father asserts that his constitutional rights were violated because he had no notice or opportunity to defend, as neither he nor his attorney was present when the request was made and the provision was added. We agree. Therefore, we affirm in part and vacate in part.
¶ 2 Following the dependency hearing, and after Father and his attorney had exited the courtroom, counsel for Children, Youth and Family Services (CYF) requested that a "no contact" provision be added to the dependency order to prohibit any contact between Father and witness Lauren Kissel, son's school counselor. Counsel made this request because she had mistakenly elicited testimony identifying Kissel as the person who had initially reported the abuse to the agency. The trial court granted the request "[b]ecause there had been testimony during the trial that [Father] was intimidating and the fact that Ms. Kissel was obviously afraid." (Trial Court Op., 7/25/05, at 3.) The trial court believed that it was "reasonable" to amend the order under those circumstances. (Id.) We disagree.
¶ 3 We conclude that the trial court abused its discretion. We know of no legal authority sanctioning what is essentially an ex parte request for an injunction and an ex parte grant of an injunction, with no notice to the person subject to the injunction nor an opportunity to be heard, absent a showing of immediate or irreparable injury. See Pa.R.C.P. 1531. Under Rule 1531(a), a court shall issue a preliminary or special injunction only after written notice to the opposing party and a hearing. A court may issue an ex parte injunction only if it is evident from the record that an "immediate and irreparable injury" would be sustained if the injunction were delayed until notice could be given and a hearing held. Pa.R.C.P. 1531(a); see Commonwealth ex rel. Davis v. Van Emberg, 464 Pa. 618, 347 A.2d 712, 715 (1975) (vacating ex parte injunction where there was no showing that immediate or irreparable injury would have occurred had injunction been delayed).
¶ 4 Time was not of the essence in this case, as the "no contact" provision was added shortly after Father and his counsel walked out of the courtroom, CYF's counsel certainly could have requested the provision in Father's presence. In addition, the trial court made no finding of "immediate and irreparable" harm, and no such showing appears in the record. (See Trial Court Op., 7/25/05, at 3-5.)[1]
*1292 ¶ 5 Furthermore, there was no transcription of the post-hearing discussion about the "no contact" provision, and CYF did not file a brief on appeal. All that we have is the trial court's account of what transpired in its opinion. We have no basis upon which to uphold the trial court's unilateral action without any reviewable record. See Ranck v. Bonal Enters., Inc., 467 Pa. 569, 359 A.2d 748, 750 (1976) (preliminary injunction issued after unrecorded ex parte hearing was invalid, where there was nothing in record "to indicate either the requisite `immediate and irreparable injury' or the impossibility of giving notice").
¶ 6 Accordingly, we vacate the portion of the April 20, 2005 order prohibiting Father from having any direct or indirect contact with Kissel. We otherwise affirm the trial court's disposition.
¶ 7 "No contact" provision vacated. Order affirmed in all other respects. Jurisdiction relinquished.
NOTES
[1] In fact, the trial court acknowledged its mistake, noting that "perhaps it might have been wise to have [Father] return to the courtroom when the request was made." (Trial Court Op., 7/25/05, at 4.) We certainly agree with that statement. The court reasoned, however, that the "no contact" provision was merely a "collateral" matter and did not substantively affect Father's right to custody of his child. (Id.)