Liberty Corporation *v.* D'Amico et al.,
Appellants.

Argued November 13, 1973. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

reargument refused July 8, 1974.

*Michael J. Pepe, Jr.,* for appellants.

*Michael H. Egnal,* with him *John David Egnal,* and *Egnal and Egnal, P. A.,* for appellees.

OPINION BY MR. JUSTICE POMEROY, May 22, 1974:

This controversy originated with a complaint in equity for an injunction filed on September 20, 1972 in the Court of Common Pleas of Philadelphia. It sought to restrain appellants from congregating in the public streets of the City of Philadelphia at the points where Bath Street and Richmond Street intersect with Orthodox Street. It was alleged in the complaint that the congregating at this location prevented the use of Orthodox Street, and thus deprived plaintiffs of the only means of ingress and egress to their property. Affidavits attached to the complaint established that a complete shut-down of plaintiff's plant was threatened as a result of defendants' actions. On the same day the complaint was filed, the lower court entered the following *ex parte* decree:

"AND NOW, to wit, this 20th day of September, 1972, the plaintiffs having filed Affidavits that immediate and irreparable loss and damage will result to them before the matter can be heard on motion, upon consideration

of the complaint and the injunction affidavits filed therewith, it is ORDERED and DECREED, THAT, upon security being entered by the plaintiffs, or any one of them, in the sum of $100.

"The defendants are enjoined and restrained preliminarily from doing any act, or advocating any act, of any kind whatsoever, which in any manner obstructs or impedes the free use of Orthodox Street from Richmond Street to the Delaware River, or in any manner whatsoever, impedes, obstructs or interferes with the ingress or egress of motor vehicles to and from the plants of the plaintiffs." The court further ordered that a hearing be held on September 25, 1972 on plaintiff's "motion to continue the injunction".

On September 25, 1972, following a hearing at which all parties were represented, the court entered a decree continuing the *ex parte* decree of September 20th. A timely appeal was taken to this Court.* Appellants (defendants) challenge the issuance of an injunction on three grounds, which will be considered seriatim.

First, appellants contend that the granting of the *ex parte* injunction of September 20, 1972 violated the First and Fourteenth Amendments of the United States Constitution and Pa. R. C. P. 1531(a) in that appellants received no notice of appellees' complaint, nor was there any allegation in the complaint or supporting affidavits, nor any finding by the court that irreparable injury would be sustained before notice could be given. Rule 1531(a) of the Pennsylvania Rules of Civil Procedure specifically provides: "A court shall issue a preliminary or special injunction *only after written notice*

---

* In this case, two decrees were entered below, but only one appeal was filed. We again caution the bar against this practice. *See Stewart v. Chernicky*, 439 Pa. 43, 58 n. 15, 266 A.2d 259 (1970); *General Electric Credit Corp. v. The Aetna Casualty and Surety Co.*, 437 Pa. 463, 469-70, 263 A.2d 448 (1970). At appellants' request, argument was postponed until the fall session of the Court at Philadelphia in November, 1973.

and hearing unless it appears to the satisfaction of the court that immediate and irreparable injury will be sustained *before notice can be given or a hearing held . . . ."* (Emphasis added.)

The trial court in its decree of September 20th did find that such injury would result before a hearing could be held, but made no finding of the necessity to act before any notice could be given to the defendants; nor did appellees make such an allegation in their complaint or indicate that any attempt to give notice had been made. Both the United States Supreme Court and this Court have repeatedly condemned the *ex parte* issuance, without notice, of preliminary injunctions "where no showing is made that it is impossible to serve or to notify the opposing parties and to give them an opportunity to participate". *Carroll v. President and Commissioners of Princess Anne,* 393 U.S. 175, 180, 89 S. Ct. 347, 351, 21 L.Ed.2d 325, 331 (1968). *Commonwealth ex rel. Costa v. Boley,* 441 Pa. 495, 272 A.2d 905 (1971) ; *Apple Storage Co. v. Consumers Education and Protective Association,* 441 Pa. 309, 272 A.2d 496 (1971) ; *Commonwealth v. Guild Theatre, Inc.,* 432 Pa. 378, 248 A.2d 45 (1968). Accordingly, we hold that the order of September 20, 1972 was invalid.

To invalidate the *ex parte* decree, however, does not dispose of this case, for it is the decree of September 25, 1972, entered after a hearing at which all parties were present, which now restrains appellants. The validity of that decree, which continued in effect the decree of September 20th, is challenged on two grounds: first, that appellants were denied due process at the September 25th hearing when the court refused to hear evidence from the defense, and, second, that the scope of the decree was unconstitutionally vague and overbroad.

At the hearing, appellants sought to offer evidence in support of a proposed counterclaim to the complaint,

which they had not yet filed, in which they would seek to enjoin plaintiffs' allegedly unlawful and unreasonable use of the streets which appellants had blockaded in protest of such use. The issue of the illegality of appellees' use of the streets was not then before the court. The proffered evidence was irrelevant to the issues which were properly before the court, and we find no abuse of discretion in the trial court's refusal to allow the evidence to be introduced, nor in its refusal to continue the hearing until the counterclaim could be filed.

We must agree with appellants, however, that the injunction is unconstitutionally overbroad, insofar as it restrains advocacy by appellants of what they believe to be their cause. There was no evidence that immediate or irreparable harm would result to the appellees from appellants' advocacy of anything, nor any evidence that the appellants had advocated or intended to advocate the doing of any act prohibited by the injunction. Under these circumstances, no interference with the appellants' freedom of speech was necessary or proper. It follows that the terms of the injunction as continued by the decree of September 25, 1972 must be modified by deletion of the words "or advocating any act".

The decree of September 25, 1972 is hereby modified as above indicated, and, as so modified, is affirmed. Each party to bear own costs.