453 A.2d 615

**Marion S. LAZOVITZ**

v.

**Stephen M. LAZOVITZ, Appellant.**

Superior Court of Pennsylvania.

Argued June 23, 1982.

Filed Nov. 30, 1982.

Petition for Allowance of Appeal Denied March 29, 1983.

H. Fiebach, Philadelphia, for appellant.

David E. Auerbach, Media, for appellee.

Before WICKERSHAM, McEWEN and LIPEZ, JJ.

WICKERSHAM, Judge:

■ On May 11, 1981, Judge Nicholas A. Cipriani, of the Philadelphia County Court of Common Pleas, entered a preliminary injunction restraining Stephen M. Lazovitz, appellant, from, *inter alia,* proceeding with a Florida divorce action or removing from Pennsylvania any assets owned by Stephen Lazovitz and Marion Lazovitz, his wife, or in which Mrs. Lazovitz had a marital interest. Judge Cipriani held a hearing on the continuance of the preliminary injunction on May 13, 1981, and continued the preliminary injunction on May 18, 1981. Mr. Lazovitz appealed the order of May 18, 1981, on May 20, 1981. This timely appeal is authorized by Pa.R.A.P. 311(a)(4). Rule 311(a)(4) permits an interlocutory appeal from an order continuing an injunction thus the appeal is properly before our court.

Stephen M. and Marion S. Lazovitz were married on January 20, 1963. The couple lived in Haverford, Pennsylvania and had four children: Sandra, born May 12, 1965; Susan, born October 22, 1967; Joel and Martha, both born February 26, 1977. Mr. and Mrs. Lazovitz separated in 1978 and Mr. Lazovitz moved to Philadelphia.

Marion S. Lazovitz filed a complaint in divorce against her husband on November 17, 1980. The complaint, filed in the Court of Common Pleas of Philadelphia County, sought a divorce, equitable distribution of property acquired during the marriage, alimony, child support, alimony pendente lite, counsel fees, costs and expenses, and custody of the four children of the marriage. Mrs. Lazovitz's complaint acknowledged that Mr. Lazovitz had filed an action for divorce in Broward County, Florida and that the Florida divorce action was pending when she filed her action for divorce in Pennsylvania.

Mr. and Mrs. Lazovitz attempted to negotiate a property settlement but these negotiations collapsed. On May 9, 1981, Mr. Lazovitz filed preliminary objections to Mrs. Lazovitz's divorce complaint. The preliminary objections raised several issues: that his Florida divorce action would grant his wife the divorce she sought, that her request for equita-

ble distribution of property was not pleaded with sufficient specificity and that, as to the rest of Mrs. Lazovitz's requested relief, Mr. Lazovitz was a Florida domiciliary not subject to the jurisdiction of the Pennsylvania courts.

A final hearing in Mr. Lazovitz's Florida divorce suit was scheduled for May 13, 1981. On May 11, 1981, Mrs. Lazovitz filed a complaint in equity against her husband and others and a petition and affidavit for a preliminary injunction; the equity complaint and petition for injunction were docketed with her complaint in divorce. The petition for injunction alleged that Mr. Lazovitz filed his Florida divorce suit, falsely stated that he had been a Florida resident for more than six months before filing and thus attempted to perpetrate a fraud on the Florida court. Mrs. Lazovitz further alleged that in an effort to defeat her rights under Pennsylvania law, Mr. Lazovitz was about to remove or alienate property from the jurisdiction of Pennsylvania courts. Finally, Mrs. Lazovitz alleged that her husband's actions would cause her irreparable injury by defeating her rights under Pennsylvania law.

Mrs. Lazovitz's request for an injunction was made *ex parte.* Judge Cipriani granted a preliminary injunction restraining Mr. Lazovitz from, *inter alia,* pursuing his Florida divorce suit and from transferring or removing assets in which Mrs. Lazovitz had a marital interest. Mr. Lazovitz was not personally served with the preliminary injunction but the order was served on his counsel.

A hearing on the continuance of the preliminary injunction was held before Judge Cipriani on May 13, 1981. At the May 13 hearing, Mr. Lazovitz's counsel vigorously argued several grounds for vacating or dissolving the preliminary injunction. Mr. Lazovitz contended, *inter alia,* that the preliminary injunction was improperly issued *ex parte,* that the preliminary injunction was not properly served upon him and that the Pennsylvania court had no jurisdiction over him as a Florida domiciliary. Judge Cipriani believed that the jurisdictional issue was important and stated: "I am prepared to have a hearing on the matter of domicile on very short

notice." Record at 49. Mrs. Lazovitz was prepared to present evidence on the question of her husband's domicile but Mr. Lazovitz's counsel resisted taking testimony on the issue on short notice.

After the May 13 hearing, Judge Cipriani issued a rule upon Mr. Lazovitz to show why a preliminary injunction should not issue restraining him from prosecuting a foreign divorce, transferring assets or leaving Pennsylvania; this rule was docketed May 13, 1981. On May 18, 1981, Judge Cipriani entered an order continuing the order of May 11, 1981. The May 11, 1981, order was modified to allow Mr. Lazovitz to operate his businesses normally.

A hearing to take testimony on the question of Mr. Lazovitz's domicile was scheduled for May 21, 1981. At the May 21, 1981, hearing, Mr. Lazovitz's counsel informed Judge Cipriani that an appeal had been taken to this court. The judge then continued the hearing generally.

Mr. Lazovitz's first appellate issue is:

1. Is the Order of the court below invalid because it was entered *ex parte* where there was no emergency justifying the entry of a preliminary injunction without notice or hearing?

Brief for Appellant at 3.

Mr. Lazovitz contends that to obtain a preliminary injunction without notice or hearing, one must show that it is impossible to notify the opposing party that one is seeking an injunction and that if the injunction awaits a hearing irreparable, immediate injury will result. Mr. Lazovitz maintains that his wife gave no notice that she would seek an injunction on May 11, 1981, even though Mrs. Lazovitz had known for some time that the Florida divorce hearing was to take place on May 13, 1981.

The case of *Liberty Corporation v. D'Amico,* 457 Pa. 181, 329 A.2d 222 (1974), is procedurally similar to the case before us. Liberty Corporation sought, and obtained, an *ex parte* injunction on September 20, 1972 to restrain D'Amico and others from picketing. The injunction of September 20,

1972, further ordered that a hearing be held on September 25, 1972. 457 Pa. at 183, 329 A.2d at 223. Our supreme court condemned the issuance of preliminary injunctions without notice unless a showing is made that it is impossible to notify the opposing parties. The court held that the decree of September 20, 1972, was invalid but went on: "To invalidate the *ex parte* decree, however, does not dispose of this case, for it is the decree of September 25, 1972, entered after a hearing at which all parties were present, which now restrains appellants." *Id.*, 457 Pa. at 184, 329 A.2d at 224. The decree of September 25, 1972, was voided because it unconstitutionally restrained appellants' freedom of speech. *Id.*

■ Our case does not involve freedom of speech but is otherwise close to the facts in *Liberty Corporation v. D'Amico, supra.* Here, an *ex parte* injunction was obtained without notice to Mr. Lazovitz. Mr. Lazovitz did not, however, appeal from the injunction of May 11, 1981. The injunction which now restrains Mr. Lazovitz, the injunction of May 18, 1981, was entered after a hearing at which Mr. Lazovitz was represented by counsel. Thus, whatever the merits of Mr. Lazovitz's arguments about the lack of notice as to the injunction of May 11, 1981, he cannot argue that the order of May 18, 1981, which now restrains him, was entered without notice.

Further, Mr. Lazovitz's argument as to the impropriety of the *ex parte* preliminary injunction of May 11, 1981 is undercut by the fact that he has appealed from the order of May 18, 1981, not the *ex parte* injunction of May 18, 1981. In *Liberty Corporation v. D'Amico, supra,* the supreme court cautioned the bar against taking but one appeal from two decrees. *Id.*, 457 Pa. at 183 n. 1, 329 A.2d at 223 n. 1. Accordingly, the only order of the lower court actually before us for review is the order of May 18, 1981, which was entered after a hearing at which the parties were represented.

■ As the Pennsylvania Supreme Court considered the validity of the second injunction in *Liberty Corporation v.*

*D'Amico, supra,* we will consider the validity of the second injunction granted here, the order of May 18, 1981. Our scope of review of a decision to grant a preliminary injunction is limited. In *Singzon v. Commonwealth Department of Public Welfare,* 496 Pa. 8, 436 A.2d 125 (1981), our supreme court held:

> The standards of appellate review of the grant or denial of a preliminary injunction have often been reiterated by this Court. The litany proceeds as follows:
>
>> As a preliminary consideration, we recognize that on an appeal from the grant or denial of a preliminary injunction, we do not inquire into the merits of the controversy, but only examine the record to determine if there were *any apparently reasonable grounds* for the action of the court below. Only if it is plain that *no grounds exist to support the decree or that the rule of law relied upon was palpably erroneous or misapplied* will we interfere with the decision of the Chancellor. ... 'In order to sustain a preliminary injunction, *the plaintiff's right to relief must be clear, the need for relief must be immediate, and the injury must be irreparable if the injunction is not granted.'*

*Id.,* 496 Pa. at 10–11, 436 A.2d at 126–27 (citations omitted) (emphasis in original).

■ Under this standard the entry of the order of May 18, 1981, was justified. The judge below was presented with Mrs. Lazovitz's serious allegations that her husband's effort to obtain a Florida divorce was a fraud and that he was attempting to defeat her rights in his considerable property. Judge Cipriani had good reason to believe that Mrs. Lazovitz would suffer an irreparable and immediate injury if her request for injunctive relief was not granted.

Mr. Lazovitz's second issue is:

> Is the Order of the court below invalid for failure to effect proper service?

Brief for Appellant at 3.

Mr. Lazovitz asserts that the May 11, 1981, order is invalid because it was not served upon him personally as required

by Pa.R.C.P. No. 1503(a). Because Mr. Lazovitz did not appeal from the order of May 11 we will not consider his argument about service of the order.

■ Mr. Lazovitz's third issue is:

Had the *ex parte* Order of May 11, 1981 expired so that the Court was without power to continue said Order on May 18, 1981?

Brief for Appellant at 3.

The order of May 11 set May 13, 1981, as the date for the hearing on continuance of the May 11 order. At the hearing of May 13, Mr. Lazovitz's counsel vigorously argued a motion to vacate or dissolve the injunction of May 11. Despite the energetic advocacy displayed on Mr. Lazovitz's behalf, he now argues that the hearing of May 13 was not adequate under Pa.R.C.P. No. 1531(d). Rule 1531(d) requires that:

(d) An injunction granted without notice to the defendant shall be deemed dissolved unless a hearing on the continuance of the injunction is held within five (5) days after the granting of the injunction or within such other time as the parties may agree or as the court upon cause shown shall direct.

Mr. Lazovitz argues: "While the parties' counsel were before the Court on May 13, 1981, such appearance cannot be deemed to be the hearing required by Rule 1531(d)." Brief for Appellant at 22.

We cannot imagine why "such appearance cannot be deemed" to satisfy the requirements of Rule 1531(d). Mr. Lazovitz's attorney strenuously argued that the injunction of May 11 should be dissolved or vacated. Mrs. Lazovitz's attorney argued just as strenuously that the injunction should continue and was even prepared to present testimony on the domicile issue. As Judge Cipriani states, Mr. Lazovitz's attorney "resisted all efforts by [Mrs. Lazovitz's] attorney to present testimony . . . to prove the allegations of the Petition for Injunction." Lower ct. op. at 10. The May 13 hearing gave Mr. Lazovitz an opportunity to contest contin-

uance of the May 11 injunction, therefore Rule 1531(d) was fully complied with.

At the May 13, 1981 hearing, the judge was prepared to take testimony to determine if the order of May 11, 1981 should be dissolved, modified or continued. Mr. Lazovitz's counsel appeared at the May 13 hearing and stated that Mr. Lazovitz had already left Pennsylvania to attend his Florida divorce hearing. Counsel for Mr. Lazovitz "represented to the Court that a full hearing should be scheduled so that he could produce Defendant Lazovitz to testify as to his present domicile." Lower ct. op. at 10. Instead of bringing Mr. Lazovitz to a hearing, counsel brought this appeal.

The dispute between the Lazovitz couple involves many issues, of which perhaps the most important is whether Mr. Lazovitz is domiciled in Pennsylvania or Florida. Mr. Lazovitz's appeal has done nothing but delay the determination of the domicile issue and thus postpone ultimate resolution of all the claims between the couple.

■ Mr. Lazovitz's fourth issue is:

Is the Order of the court below invalid as overly vague and incapable of enforcement?

Brief for Appellant at 3.

Mr. Lazovitz now argues that the order of May 18, 1981, is invalid because it restrains the disposition of marital property but does not specify what assets are reached by the terms of the order of May 18, 1981. See Brief for Appellant at 23.

Nothing in the order complained of prevents Mr. Lazovitz from carrying on his many businesses. The order merely restrains Mr. Lazovitz from alienating or disposing of property to defeat Mrs. Lazovitz's rights. Mr. Lazovitz is adequately informed as to what he cannot do, especially since it is this appeal which has prevented further hearings on the merits of the injunction.

■ Mr. Lazovitz's fifth issue is:

Did the Court err in entering an injunction to protect equitable distribution rights?

Brief for Appellant at 3.

Mr. Lazovitz believes that the Divorce Code [1] does not give a court the power to enter an injunction to protect a party's rights to an equitable distribution of property. Section 403 of the Divorce Code provides:

**§ 403. Injunction against disposition of property pending suit and decree rendering fraudulent transfers null and void**

(a) Where it appears to the court that a party is about to remove himself or herself or his or her property from the jurisdiction of the court or is about to dispose of, alienate, or encumber property in order to defeat alimony pendente lite, alimony, child and spousal support, or similar award, an injunction may issue to prevent such removal or disposition and such property may be attached as provided by the Rules of Civil Procedure. The Court may also issue a writ of ne exeat to preclude such removal.

23 P.S. § 403.

Mr. Lazovitz argues that because section 403 does not specifically grant the power to make an injunction to protect equitable distribution rights, the lower court was without power to enter the order complained of here.

Yet another portion of the Divorce Code provides:

(c) In all matrimonial causes, the court shall have full equity power and jurisdiction and may issue injunctions or other orders which are necessary to protect the interests of the parties or to effectuate the purposes of this act, and may grant such other relief or remedy as equity and justice require against either party or against any third person over whom the court has jurisdiction and who is involved in or concerned with the disposition of the cause.

23 P.S. § 401(c).

We believe section 401(c) gives the courts below power to issue injunctions to protect the interests of the parties or to

1. Act of April 2, 1980, P.L. 63, No. 26, 23 P.S. § 101 *et seq.*

effectuate the purposes of the Divorce Code, one of which was to give divorced persons economic justice. 23 P.S. § 102(a)(6). In this case, the lower court's order continuing the preliminary injunction was meant to preserve the status quo until the jurisdictional issue could be decided. The order was justified under section 102(a)(6) of the Divorce Code and was authorized by section 401(c) of the Divorce Code.

■ Mr. Lazovitz's sixth and final issue is:

Where all their marital property was acquired prior to the effective date of the Divorce Code, does appellee have any right to equitable distribution?

Brief for Appellant at 3.

Mr. Lazovitz points out that he and his wife separated in September 1978 and argues that after separation property acquired by either spouse is not added to the marital estate. The Divorce Code became effective on July 1, 1980, and Mr. Lazovitz contends that he and Mrs. Lazovitz acquired no marital property after July 1, 1980. "Therefore, in order to find any right of equitable distribution, the Court would have to reach property acquired before the effective date of the Act, and that would be a violation of Mr. Lazovitz's constitutional rights . . . ." Brief for Appellant at 34.

The Pennsylvania Supreme Court heard, and rejected, a similar argument in *Bacchetta v. Bacchetta*, 498 Pa. 227, 445 A.2d 1194 (1982). The court held that "it must be concluded that the Legislature's definition of marital property as 'all property acquired by either party during the marriage' includes property acquired before the effective date of the Code." *Id.*, 498 Pa. at 231, 445 A.2d at 1196. Further, the court decided that application of the Divorce Code's provisions for equitable distribution to marital property did not violate the constitutional right to due process but was a legitimate exercise of the police power of the state. *Id.*, 498 Pa. at 231–36, 445 A.2d at 1196–98. Accordingly, Mr. Lazovitz's contention is without merit.

Order affirmed. Jurisdiction of the Superior Court of Pennsylvania is relinquished and this case is remanded to the Court of Common Pleas for further proceedings.