## Ciccozzi v. Ciccozzi

*Barris Siegel,* for plaintiff.
*James M. Keller,* for defendant.

WALKO, *J.,* November 1, 1984—Can a trial court, during the pendency of a divorce action, compel a party to make payments on a mortgage which encumbers both marital and premarital* property prior to equitable distribution? We find that, on the facts presented, our Divorce Code does empower such an exercise of equity jurisdiction.

In this case, the parties, as husband and wife, purchased certain real estate and gave a mortgage to a local lender. A condition of that loan required that certain premarital real estate of plaintiff-wife be encumbered by that mortgage. From that time, defendant-husband paid the monthly mortgage payments as they fell due.

Wife subsequently filed for divorce and this court issued an order on August 5, 1982 requiring the parties, pending equitable distribution, to continue to pay the obligations, business and personal, that they had been paying. In April 1984, defendant-husband ceased payments on the mortgage and the parties were served with a notice of intention to foreclose mortgage. The wife now petitions this court for an injunction ordering husband to discharge all arrearages and to continue future payments on the mortgage until equitable distribution of the marital property.

---

*We have, for considerations of this issue only, adopted this characterization for the residence. We do not imply by this any prejudgment of the nature of this property.

When defining the equitable jurisdiction to grant injunctions, certain provisions of the Divorce Code are to be read together. Lazovitz v. Lazovitz, 307 Pa. Super. 341, 453 A.2d 619 (1982); Jacono v. Jacono, 69 Del. Co. Leg. J. 587 (1982). The pertinent sections of the Divorce Code are set out in full:

"§102. Legislative Findings and Intent.

"(a) The family is the basic unit in society and the protection and preservation of the family is of paramount public concern. Therefore, it is hereby declared to be the policy of the Commonwealth of Pennsylvania to:

"(1) Make the law for legal dissolution of marriage effective for dealing with the realities of matrimonial experience.

"(6) Effectuate economic justice between parties who are divorced or separated and grant or withhold alimony according to the actual need and ability to pay the parties and insure a fair and just determination and settlement of their property right."

"§401. Decree of Court.

"(c) In all matrimonial causes, the court shall have full equity power and jurisdiction and may issue injunctions or other orders which are necessary to protect the interests of the parties or to effectuate the purposes of this act, and may grant such other relief or remedy as equity and justice require against either party or against any third person over whom the court has jurisdiction and who is involved in or concerned with the disposition of the cause."

"§403. Injunction Against Disposition of Property Pending Suit and Decree Rendering Fraudulent Transfers Null and Void.

"(a) Where it appears to the court that a party is about to remove himself or herself of his or her property from the jurisdiction of the court or is about to dispose of, alienate, or encumber property in order

to defeat alimony pendente lite, alimony, child and spousal support or similar award, an injunction may issue to prevent such removal or disposition and such property may be attached as provided by the Rules of Civil Procedure. The court may also issue a writ of ne exeat to preclude such removal."

Plaintiff-wife argues that these provisions justify the requested injunction. In opposition, defendant alleges an array of equitable defenses; i.e., failure to allege irreparable harm, adequacy or money damages, an unclear order underlying any mortgage obligation and unclean hands. These defenses, of course, are controlling at general law. We conclude, however, that the express statutory authority and decisions under those sections remove divorce actions from the requirements of general law with regard to equity jurisdiction of the trial court.

The authorities are not uniform. Holub v. Holub, 129 P.L.J. 366 (1981), for instance, illustrates the traditional formula for injunctive relief: 1. That petitioner's rights be clear; 2. irreparable harm; and 3. greater injury flowing from denial of relief than from granting it. Id. at 371.

Since Holub, two other courts have granted injunctions in divorce cases without relying on Holub or a simular formula. In Jacono v. Jacono, supra, Senior Judge de Furio discussed the legislative findings and intent of §§102 (a)(1) (6), 401(c) and 403(a) and found they vested the trial court with "comprehensive and plenary equity powers." The opinion concludes that the sole limits on the broad equity power are "that the relief prescribed be in accordance with the legislative findings and intent and be just and proper under the circumstances." Id at 589. This is considerably more relaxed than the Holub standard.

Likewise, our Superior Court has upheld granting of an injunction to protect the interests of the parties or to effectuate the purposes of the Divorce Code. Lazovitz v. Lazovitz, supra. Specifically, Lazovitz justifies injunctions to preserve the status quo pending resolution of underlying divorce issues.

Preserving the status quo is an especially persuasive rationale for broadening trial court equity jurisdiction. As part of effectuating the purposes of the code, the court has an interest in keeping the parties, their property and children on a stable economic footing throughout all phases of the divorce process. Without the broad standard governing injunctive relief in divorce cases, courts would be sorely impeded in making and enforcing their alimony, support or distribution orders.

Taken together, Jacono and Lazovitz compel the conclusion that a court need not—in fact, should not—require a showing of the traditional, common-law elements before granting injunctive relief in cases under the Divorce Code.

In the present case, the August 5, 1982 order was intended to maintain ecomomic parity of the parties throughout the pendency of these proceedings. In fixing defendant-husband's support obligation, the court relied on the continuing periodic payments as they were represented to the court by the parties in the negotiations leading to the final order. Thus, while it may be said that the order, on its face, does not recite defendant's mortgage obligation it cannot be denied that payment of that obligation by husband was a commonly understood basis of the order as a whole. In fact, defendant-husband faithfully paid the same until the summer of 1984. By granting the requested relief, the court acts merely to effectuate and enforce that earlier order and its gener-

al understanding. In effect we are maintaining the status quo of the parties until all issues are resolved.

The footnote to this explanatory opinion makes clear that our characterization of the real property was not intended to be conclusive but rather assumed only for purposes of addressing the issues raised by plaintiff's petition for injunction. If defendant should be entitled to apportion payment made during separation, and thereby earn a credit for payment toward nonmarital property or other circumstances excusing him from payment, defendant cannot be prejudiced by today's order. As those facts cannot be ascertained until the court or a master has made findings relative to equitable distribution, this relief acts as the only way to preserve the marital estate.

We therefore enter the following

## ORDER

And now this November 1, 1984, upon due consideration of this petition for injunction and the arguments of counsel, it is hereby ordered and decreed that:

1. Defendant Victor A. Ciccozzi, without delay, shall make payment of all arrearages and finance charges arising therefrom on the mortgage recorded in Beaver County Mortgage Book 922 at page 47 on such terms and conditions established by the Union Building and Loan Association;

2. Defendant Victor A. Ciccozzi continue to make regular timely payments of said mortgage on such terms and conditions established by the Union Building and Loan Association until the date of equitable distribution of the parties marital property; and that

3. Defendant Victor A. Ciccozzi commit no act to dispose of, alienate or encumber real or personal property until the equitable distribution of the parties marital property.