## Fulginiti v. Fulginiti

*Robert T. Fendt,* for plaintiff.
*Michael A. Cibik,* for defendant.

CIPRIANI, *J.,* February 25, 1985—This matter comes before us on a petition for special relief under section 403(a) of the Divorce Code and Rule 1920.43(a)(1), Pa.R.C.P. At issue are the anticipated proceeds from a personal-injury award, based on a verdict of approximately $91,000 that was entered on October 30, 1984, in favor of Jean Fulginiti (hereinafter wife), defendant in the present divorce action. Her husband, Dominic Fulginiti (hereinafter husband), plaintiff herein, has alleged that the wife may attempt to dispose of the forthcoming proceeds from the personal-injury award in an effort to thwart his claims for equitable distribution. In support of his allegation, husband cites allegedly dilatory tactics on the part of wife with respect to the scheduling of the master's hearing and wife's apparent refusal to place any proceeds in an escrow account pending resolution of property issues.

Under Pennsylvania law, proceeds from a personal-injury award are included in marital property, if such proceeds were acquired by either party "during the marriage." Platek v. Platek, 309 Pa. Super. 16, 454 A.2d 1059 (1982), interpreting section 401(f) of the Divorce Code. Husband, therefore, has established a prima facie case that the proceeds in

question are subject to equitable distribution. The next question is whether an injunction should issue as to such proceeds based on §403(a) of the Divorce Code. Our decision in Lazovitz v. Lazovitz, affirmed by the Superior Court at 307 Pa.Super. 341, 453 A.2d 615 (1982), made clear that normal equity considerations apply in cases under section 403(a), i.e., that "In order to sustain a preliminary injunction, the plaintiff's right to relief must be clear, the need for relief must be immediate, and the injury must be irreparable if the injunction is not granted."

In this case, the court was apprised by counsel for the wife that the proceeds in question will be distributed very shortly, subject of course to various deductions for counsel fees and costs. By virtue of Platek, plaintiff's right to relief is clear; the pending distribution renders the need immediate and irreparable harm would undoubtedly occur if the full sum were disposed of or alienated by the wife. Therefore, under the guidelines set forth in Lazovitz, we conclude that an injunction should issue.

In so ruling we are not precluding the wife from pursuing certain contentions she initially raised in opposition to the special relief. She has averred that the cause of action which produced the recent jury award arose at a time the parties were separated. See, §401(a) which excepts from marital property: "Property acquired after separation until the date of divorce, provided however, if the parties separate and reconcile, all property acquired subsequent to the final separation until their divorce." The wife also avers that the husband is some $45,000 in arrears in support payments, owed either to herself or the Department of Welfare. These factual contentions should be carefully considered by the master in making his final recommendation on equitable distribution. The case is now ready for hearing and

all due speed should be exercised to bring the matter to a conclusion.

Our intention, at present, is not to decide the relative property rights of the parties, but rather to preserve the purported marital property until the master's report is issued. We should add that in preparing that report, the master should scrutinize the schedule of distribution for the personal-injury case. to determine, through documentary evidence, the amount actually available for distribution to the parties.

The schedule of distribution submitted by wife's counsel indicates some $21,565.14 has been set aside for costs, and another $28,173 represents attorney's fees. These amounts are released from the injunction and may be distributed as agreed upon by the wife and her attorneys. Of course, if it is subsequently determined by the master that a smaller amount has actually been disbursed for total costs and fees, that fact should be taken into account in providing for equitable distribution of the funds that remain subject to the injunction.

We recognize that a substantial portion of the verdict proceeds will ultimately be awarded to the wife. We, therefore, rule that one-half of the net recovery shall be released to her at this time. The other half of the net recovery shall be held in escrow under the joint control of both counsel herein pending the final decree in divorce. Accordingly, we enter the following

## ORDER

And now, this February 25, 1985, upon consideration of the petition of plaintiff Dominic Fulginiti, for special relief pursuant to section 403(a) of the Divorce Code, and following hearing thereon, it is

hereby ordered that the injunction entered herein on January 10, 1985 shall continue as to the sum of $21,130.46 derived from the recovery in Jean Fulginiti et ux. v. St. Joseph's Hospital (no. 3677, December term 1983). Said sum shall be placed in an escrow account until the joint control of counsel for the parties herein pending the entry of a final decree in divorce. The balance of the proceeds derived from the aforesaid case shall be released to Jean Fulginiti, defendant herein, and her counsel for disbursement in accordance with the distribution schedule submitted to the court.